FROSTIFRESH CORPORATION, Plaintiff, *v.* LUIS REYNOSO et al., Defendants.

District Court of Nassau County, November 15, 1966.

*Keilson & Keilson* for plaintiff. *Ira I. Van Leer* for defendants.

FRANCIS J. DONOVAN, J. Plaintiff brings this action for $1,364.10, alleging that the latter amount is owed by the defendants to the plaintiff on account of the purchase of a combination refrigerator-freezer for which they agreed to pay the sum of

$1,145.88. The balance of the amount consists of a claim for attorney fees in the amount of $227.35 and a late charge of $22.87. The only payment made on account of the original indebtedness is the sum of $32.

The contract for the refrigerator-freezer was negotiated orally in Spanish between the defendants and a Spanish-speaking salesman representing the plaintiff. In that conversation the defendant husband told the salesman that he had but one week left on his job and he could not afford to buy the appliance. The salesman distracted and deluded the defendants by advising them that the appliance would cost them nothing because they would be paid bonuses or commissions of $25 each on the numerous sales that would be made to their neighbors and friends. Thereafter there was submitted to and signed by the defendants a retail installment contract entirely in English. The retail contract was neither translated nor explained to the defendants. In that contract there was a cash sales price set forth of $900. To this was added a credit charge of $245.88, making a total of $1,145.88 to be paid for the appliance.

The plaintiff admitted that cost to the plaintiff corporation for the appliance was $348.

No defense of fraud was set forth in the pleadings and accordingly such defense is not available.

However, in the course of the trial, it did appear to the court that the contract might be unconscionable. The court therefore continued the trial at an adjourned date to afford a reasonable opportunity to the parties to present evidence as to the commercial setting, purpose and effect of the contract.

The court finds that the sale of the appliance at the price and terms indicated in this contract is shocking to the conscience. The service charge, which almost equals the price of the appliance is in and of itself indicative of the oppression which was practiced on these defendants. Defendants were handicapped by a lack of knowledge, both as to the commercial situation and the nature and terms of the contract which was submitted in a language foreign to them.

The question presented in this case is simply this: Does the court have the power under section 2-302 of the Uniform Commercial Code to refuse to enforce the price and credit provisions of the contract in order to prevent an unconscionable result.

It is normally stated that the parties are free to make whatever contracts they please so long as there is no fraud or illegality (*Allegheny Coll.* v. *National Chautauqua County Bank*, 246 N. Y. 369.)

However, it is the apparent intent of the Uniform Commercial Code to modify this general rule by giving the courts power " to police explicitly against the contracts or clauses which they find to be unconscionable. * * * The principle is one of the prevention of oppression and unfair surprise." (See the official comment appended to the statute in the note on page 193, McKinney's Cons. Laws of N. Y., Book 62½, Uniform Commercial Code.)

The comment cites *Campbell Soup Co.* v. *Wentz* (172 F. 2d 80) to illustrate the principle. It is interesting to note that the *Wentz* case involved oppression with respect to the price Campbell Company agreed to pay for carrots, the price specified in the contract being $23 to $33 a ton. In the particular case Wentz, the farmer, refused to deliver carrots at the contract price, since the market price at such time had increased to $90 a ton. The Court of Appeals said (p. 83): " We think it too hard a bargain and too one-sided an agreement to entitle the plaintiff to relief in a court of conscience."

In the instant case the court finds that here too, it was " too hard a bargain " and the conscience of the court will not permit the enforcement of the contract as written. Therefore the plaintiff will not be permitted to recover on the basis of the price set forth in the retail installment contract, namely $900 plus $245.85 as a service charge.

However, since the defendants have not returned the refrigerator-freezer, they will be required to reimburse the plaintiff for the cost to the plaintiff, namely $348. No allowance is made on account of any commissions the plaintiff may have paid to salesmen or for legal fees, service charges or any other matters of overhead.

Accordingly the plaintiff may have judgment against both defendants in the amount of $348, with interest, less the $32 paid on account, leaving a net balance of $316, with interest from December 26, 1964.