Benjamin Shalleck, J.
Section 302 (subd. 9) and section 403 (subd. 3, par. [a]) of the Personal Property Law provide that the 10-day notice provision as against an assignee must be in at least eight-point bold type. It is clear that upon examination of the photo static copy of the notice of assignment submitted by plaintiff, said provision is not in at least eight-point bold type. The requirements of these sections must be strictly adhered to (see Nassau Discount Corp. v. Allen, 44 Misc 2d 1007, revd. on other grounds 47 Misc 2d 671).
Section 2-302 of the Uniform Commercial Code provides that if the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made, the court may refuse to enforce it or it may enforce the remainder of the contract without the unconscionable clause or .it may so limit the application of any unconscionable clause as to avoid any unconscionable result. Subdivision 2 thereof provides for a hearing when it appears that there may be an unconscionable contract or clause.
Plaintiff’s assignor sold to defendants a 1959 Buick for a purchase price of $939.75 plus a credit service charge of $242.47 on February 17, 1966. Defendant alleges that during the first week when he had the car, the steering post on the front end *621 was loose, the wheel bearing on the right made unusual noise and the shock absorbers were defective. The ignition would not always start. He claims that he spent $570 to repair the car.
Excessively high prices may constitute unconscionable contractual provisions within the meaning of section 2-302 of the Uniform Commercial Code (see Matter of State of New York, v. ITM, Inc., 52 Misc 2d 39; Williams v. Walker-Thomas Furniture Co., 350 P. 2d 445; American Home Improvement v. MacIver, 105 N. H., 435).
In Williams v. Walker-Thomas Furniture Co. (supra, pp. 449-450) the court stated the following:
‘‘ Unconscionability has generally been recognized to include an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party. Whether a meaningful choice is present in a particular case can only be determined by consideration of all the circumstances surrounding the transaction. In many cases the meaningfulness of the choice is negated by a gross inequality of bargaining power. The manner in which the contract was entered is also relevant to this consideration. Did each party to the contract, considering his obvious education or lack of it, have a reasonable opportunity to understand the terms of the contract, or were the important terms hidden in a maze of fine print and minimized by deceptive sales practices? Ordinarily, one who signs an agreement without full knowledge of its terms might be held to assume the risk that he has entered a one-sided bargain. But when a party of little bargaining power, and hence little real choice, signs a commercially unreasonable contract with little or no knowledge of its terms, it is hardly likely that his consent, or even an objective manifestation of his consent, was ever given to all the terms. In such a case the usual rule that the terms of the agreement are not to be questioned should be abandoned and the court should consider whether the terms of the contract are so unfair that enforcement should be withheld.
“ In determining reasonableness or fairness, the primary concern must be with the terms of the contract considered in light of the circumstances existing when the contract was made. The test is not simple, nor can it be mechanically applied. The terms are to be considered1 in the light of the general commercial background and the commercial needs of the particular trade or case \ Corbin suggests the test as being whether the terms are ‘ so extreme as to appear unconscionable according to the mores and business practices of the time and place 1 cobbin, op. cit. supra Note 2. We think this formulation correctly states the *622 test to be applied in those cases where no meaningful choice was exercised upon entering the contract. ’ ’
Therefore, pursuant to subdivision (2) of section 2-302 of the Uniform Commercial Code the defendants are entitled to a reasonable opportunity to present evidence as to its commercial setting, purpose and effect to aid the court in determining whether the contract was as a matter of law unconscionable.
Furthermore, there are other issues of fact herein which can only be decided at a trial of this action (cf. President & Directors of Manhattan. Co. v. Monogram Associates, 276 App. Div. 766; Nassau Discount Corp. v. Allen, supra).
Accordingly, plaintiff’s motion for summary judgment is denied.