Charles A. Loreto, J.
Plaintiff, Electronics Corporation of America, is a lessee of an aircraft from defendant Chandler Leasing Corporation, manufactured by defendant Lear Jet Corporation. It sues herein for a declaration of the respective rights and liabilities of the parties under that lease and subsequent agreements and for damages against Lear for rental payments under said lease, which plaintiff claims Lear later assumed but did not pay.
On this motion, Chandler moves for summary judgment dismissing the complaint as to it, claiming that the lease between it and plaintiff governs and that no subsequent modification of it was ever properly effected.
Electronics became interested in the purchase of an aircraft for its use and arrangements were made for the sale of the aircraft by Lear’s distributor in plaintiff’s area to Chandler, which, in turn, was to lease the aircraft to Electronics. Chandler obtained financing of this agreement from an insurance company to which the lease was assigned and the aircraft mortgaged as security. The arrangements were consummated and delivery of the aircraft made to plaintiff in December, 1965. Shortly thereafter, it is asserted, incidents occurred which demonstrated to Electronics the serious defects and unfitness of the aircraft, which was returned to Lear, in February, 1966. Lear has had possession of the aircraft since then.
It seems clear that there was some arrangement made whereby, in return for the redelivery of the aircraft to it, Lear agreed to assume some (Electronics claims all) of Electronics’ obligations under its lease with Chandler. The facts also establish a rather intimate business relationship between defendants Lear and Chandler, although the exact extent thereof is at issue. Lear’s time to answer herein followed the time of original submission of the motion, and as no relief is sought against Lear on the motion, no papers in opposition have been submitted by Lear and there has, therefore, not been a full joinder of issue and full argument as to Lear’s position here.
Chandler now contends that it has no responsibility based upon the performance or lack of performance of the aircraft, and that the warranty provision in the lease is determinative on that point. That provision states: “ Lessor itself makes no express or implied warranties or representations as to any matter whatsoever, including, without limitation, the condition of the aircraft, its merchantability or its fitness for any particular purpose.”
*1068 The lease agreement further provides that it shall be interpreted under the laws of Massachusetts. This fact, plus some of Chandler’s actions with reference to the warranties of the fitness of the aircraft, mandates a denial of this motion. It is clear that under Massachusetts law a claim that a contract is unconscionable due to extraordinary limitation of warranties on the part of one contracting party will preclude the granting of summary judgment (see Mass. Stat., ch. 106, § 2-302; Agoos Kid Co. v. Blumenthal Import Corp., 282 Mass. 1; see, also, Fairfield Lease Corp. v. Colonial Aluminum Sales, Inc., 3 U. C. C. Rep., 858-859 [Sup. Ct., Nassau County, 1966], citing a similar New York statute; accord: Central Budget Corp. v. Sanchez, 53 Misc 2d 620). Furthermore, on the papers submitted, it further appears that Lear did make certain representations with reference to these matters to Chandler. The issue of whether the quoted lease provision should be enforced, which would result in leaving plaintiff without warranties and relieving Lear from its obligation under its warranties, presents issues which should not be determined summarily. This is particularly true in view of the relationship between Lear and Chandler. These issues also should not be determined in a suit absent the joinder of both Lear and Chandler.
It is urged, although denied, that Chandler was aware of Electronics’ agreement with Lear with reference to Lear’s assumption of some of the obligations under the lease. It is clear that Lear did in fact assume some of the lease obligations and made the payments required of Electronics under it for several months. However, there is a dispute as to whether there was an agreement by Chandler to this arrangement and consent thereto. The fact that the lease precludes its oral modification is not determinative on the issues of whether there could be a modification by subsequent oral agreement and conduct of the parties (see Bartlett v. Stanchfield, 148 Mass. 394). At the very least, whether or not, under Massachusetts law, such a modification is permissible in view of this language in the lease, raises triable issues. This is particularly true in view of the business relationship between Lear and Chandler.
Finally, it should be noted that Lear occupies an integral and central position in the resolution of the dispute at issue. As Lear has .asserted it made no warranties to plaintiff, that the warranties run to Chandler and Chandler asserted it made no warranties to plaintiff, its lessee, it is doubtful whether the dispute could be justly resolved in Lear’s absence. In these circumstances and for the reasons noted above, the motion is denied.