113 N.J. Super. 452 (1970)
274 A.2d 78
ROBERT TOKER t/a BUDGET ASSOCIATES OF NEW JERSEY, PLAINTIFF
v.
WILLIAM WESTERMAN AND LISA WESTERMAN, DEFENDANTS.
Superior Court of New Jersey, District Court, Union County.
Decided November 2, 1970.
*453 Mr. Joseph Samson, for plaintiff (Messrs. Hellman & Samson, attorneys).
Mr. Robert Brotman of the Union County Legal Services Corp., attorney for the defendants.
McKENZIE, J.D.C.
On November 7, 1966 plaintiff's assignor, People's Foods of New Jersey, sold a refrigerator-freezer to defendant under a retail installment contract. The cash price for the unit was $899.98. With sales tax, group life insurance and time price differential the total amount was $1,229.76, to be paid in 36 monthly installments of $34.16 each.
Defendants made payments over a period of time, but resist payment of the balance in the sum of $573.89, claiming that the unit was so greatly over-priced as to make the contract unenforceable under N.J.S. 12A:2-302.

Unconscionable Contract or Clause.
(1) If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.
(2) When it is claimed or appears to the court that the contract or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose and effect to aid the court in making the determination.
At the trial defendant presented an appliance dealer who had inspected the refrigerator-freezer in question. He stated *454 that the same had a capacity of approximately 18 cubic feet, was not frost-free, and, with no special features, was known in the trade as a stripped unit. He estimated the reasonable retail price at the time of sale as between $350 and $400. He testified that the most expensive refrigerator-freezer of comparable size, with such additional features as butter temperature control and frost-free operation, at that time sold for $500.
The questions presented are simply whether or not the contract price for the unit is unconscionable, and, if so, whether the provisions of the cited section of the Uniform Commercial Code apply.
The Code does not define the term "unconscionable." Elsewhere an unconscionable contract has been defined as:
* * * one such as no man in his senses and not under a delusion would make on the one hand, and as no honest and fair man would accept on the other. To what extent inadequacy of consideration must go to make a contract unconscionable is difficult to state, except in abstract terms, which gives but little practical help. It has been said that there must be an inequality so strong, gross, and manifest that it must be impossible to state it to a man of common sense without producing an exclamation at the inequality of it. 43 Words and Phrases p. 143.
It is apparent that the court should not allow the statutory provision in question to be used as a manipulative tool to allow a purchaser to avoid the consequences of a bargain which he later finds to be unfavorable. Suffice it to say that in the instant case the court finds as shocking, and therefore unconscionable, the sale of goods for approximately 2 1/2 times their reasonable retail value. This is particularly so where, as here, the sale was made by a door-to-door salesman for a dealer who therefore would have less overhead expense than a dealer maintaining a store or showroom. In addition, it appeared that defendants during the course of the payments they made to plaintiff were obliged to seek welfare assistance.
*455 A flagrantly excessive purchase price was held to be within the intendment of N.J.S. 12A:2-302 in the case of Toker v. Perl, 103 N.J. Super. 500 (Law Div. 1966). There the same dealer as in the present case sold a refrigerator-freezer to defendant for a purchase price of $799.95. The court found that the maximum value of the unit was $300 and held the excessive price to be unconscionable. The claim for the balance of the purchase price was therefore held to be unenforceable under the statute. On appeal, the Appellate Division affirmed. Toker v. Perl, 108 N.J. Super. 129, (1969). However, defendants there charged, and the trial court found, that the dealer had fraudulently procured defendant's signatures to the contract. The affirmance of the Appellate Division was on this ground alone, the court specifically expressing no opinion on the finding of the trial court that the excessive price of the unit also rendered the contract unenforceable.
There appear to be no other cases in New Jersey on this precise point and the reported cases in other states are sparse. However, it would also appear that those states which have considered this question have uniformly held that the purchase price alone may be found to be unconscionable, therefore bringing the statutory provision into play. See Frostifresh Corp. v. Reynoso, 52 Misc.2d 26, 274 N.Y.S.2d 757 (Sup. Ct. 1966), rev'd on other grounds, 54 Misc.2d 119, 281 N.Y.S.2d 964 (App. Div. 1967); Central Budget Corp. v. Sanchez, 53 Misc.2d 620, 279 N.Y.S.2d 391, 392 (Sup. Ct. 1967); American Home Improvement, Inc. v. MacIver, 105 N.H. 435, 201 A.2d 886 (Sup. Ct. 1964). Compare Star Credit Corp. v. Molina, 59 Misc.2d 290, 298 N.Y.S.2d 570 (Civ. Ct. 1969) in which the court refused to hold the purchase price of the home freezer to be unconscionable where there was no evidence offered to show the true market price of the item.
In Frostifresh Corp. v. Reynoso, supra, the Appellate Court upheld the finding of unconscionability where a home freezer costing the plaintiff $348 was sold to a welfare *456 recipient for a total price, including time-price-differential, of $1,145.88. However, it also reversed the lower court in permitting the seller to recover only the cost of the item, holding that the seller was entitled to the reasonable profit. These decisions are clearly in the mainstream of current judicial concepts in the area of consumer goods, as set forth by our Supreme Court:
* * * Although courts continue to recognize that persons should not be unnecessarily restricted in their freedom to contract, there is an increasing willingness to invalidate unconscionable contractual provisions which clearly tend to injure the public in some way. [Ellsworth Dobbs, Inc. v. Johnson, 50 N.J. 528 (1967)]
In the instant case the court finds that in receiving a total of $655.85 plaintiff and his assignor have received a reasonable sum. The payment of the balance of the purchase price will therefore not be enforced. Judgment for defendants.