James B. Reap, J.
On August 27, 1975, we erroneously granted a final order and warrant in this summary proceeding. That was error on our part because in calling the calendar we either did not have in front of us or overlooked the fact that an answer had been interposed by respondent to the petition to recover possession for nonpayment of rent. The answer contained a defense and counsel had fully briefed the issue.
We, therefore, on our own motion vacate the final order and warrant dated August 27, 1975, and apologize to those concerned for our oversight.
THE LAW AND REASONING
I. Respondent tenant raises the question of whether or not in a summary proceeding in White Plains City Court which seeks eviction for nonpayment of rent, she can properly raise the defense of landlord’s breach of an implied warranty of habitability in the lease.
II. We hold that she can raise the defense. We pass no opinion on the merits of same as we have not yet had a trial. Our ruling is strictly on the pleadings to date.
III. A. Section 235-b of the Real Property Law (L 1975, ch 597) specifically establishes a warranty of habitability for the purposes of the underlying lease at bar.
B. Even if such section of the law did not exist, section 743 of the Real Property Actions and Proceedings Law specifically provides that the answer in a summary proceeding may contain any legal or equitable defense.
C. It is not necessary to analyze the cases because the statutes are very clear.
D. Paragraph 26 of the underlying lease is a valid waiver by respondent tenant of her right to interpose a counterclaim. She has not interposed a counterclaim. She has interposed a defense. Therefore, Amazon Mgt. Corp. v Paff (166 Misc 438) and Linker v Herard (13 Misc 2d 445) are wholly inapplicable.
E. The statutory scheme provided by the Legislature as elected representatives of the people is emminently reasona *998 ble. If a defense could not be interposed then we would be involved with a vast merry-go-round multiplicity of actions which (were this tenant forced to bring on a separate action for damages for breach, of lease), would otherwise result in the destruction of the axiomatic legal principle that all related issues in a single case should be determined in a single forum in a single trial. Piecemeal determinations of issues are wholly repugnant to the law and we are the trial court with lex loci situs initial and exclusive jurisdiction. All aspects of the summary proceeding should be litigated at one time. While we agree with the reasoning of the cases cited by respondent, even absent the statutes, it would still be common sense that the landlord’s right to receive rent carries with it a commensurate duty to provide habitable conditions for the tenant. The right and the duty are two inseparable sides of the same coin.
CONCLUSION
I. The final order and warrant dated August 27, 1975 is vacated.
II. The first and second affirmative defenses have no merit and petitioner’s motion to dismiss them is granted.
III. The right of respondent tenant to plead and prove the third affirmative defense is sustained and the motion to dismiss is denied.
IV. The parties are directed to appear in court at 9:00 a.m. on Wednesday, September 3, 1975, to select a date for trial.
V. The burden of proof to establish the allowable affirmative defense is on the tenant and the trial will be strictly limited to the sole issue of breach of warranty of habitability since nonpayment of rent is admitted.
VI. In the unlikely event (unlikely because if what she alleges is true, she could not possibly have remained in occupancy), respondent tenant is still in possession of the premises on September 1, 1975, then on September 3, 1975, she shall pay into court the sum of $235 as additional rent due for the month of September, 1975. Upon the clearance of such payment there shall then have been a total of $705 tendered into court to the credit of the action. If the defense raised by respondent be not proven landlord is fully protected. Respondent’s prior personal appearance herein means there is also exposure for a money judgment inclusive of a reasonable *999 attorney’s fee in petitioner’s favor. On the other hand, if the defense is proven then the question will be the amount of the setoff in damages as measured against the rentals and respondent tenant is also thereby protected by such payments to a fund she has created.