■ WHITLER CONTRACTING CO., INC., Respondent, v NEW YORK CITY HOUSING AUTHORITY, Defendant-Appellant.—Order, Supreme Court, New York County, entered May 16, 1976, denying defendant's motion for an order dismissing the action for failure to commence it within the period prescribed in the contract between the parties is unanimously modified, on the law and the facts, and in the exercise of discretion, to direct a prior separate trial of the issue of timeliness of commencement of this action, before trial, if any, of the merits, and, as so modified, affirmed, without costs and without disbursements. In this action under a construction contract with New York City Housing Authority, defendant had filed its "Certificate of Final Acceptance" on April 8, 1975. This action claiming damages for delay was commenced on November 22, 1976. Subdivision A of section 56 of the contract between the parties provided that: "no action or special proceeding shall lie or be maintained by the Contractor, * * * against the Authority upon any claim arising out of or based upon the Contract, or by reason of any act, omission, or requirement of the Authority, its Inspector, officers, employees, or agents unless such action or special proceeding shall be commenced within one (1) year after the date of filing in the office of the Authority of the Certificate of Final Acceptance as provided in the General Conditions". It is apparent that this action was not begun within that period. However, plaintiff claims that the date of completion stated in the

certificate of final acceptance was inaccurate and that defendant is, in any event, estopped to urge this defense. Implicit in plaintiff's argument is the contention that the certificate of final acceptance was not filed in good faith and was merely a device improperly to foreshorten plaintiff's time to sue. The contract in the present case does not limit the time for bringing suits to a certain period after completion and acceptance but rather to a period after the "date of filing in the office of the Authority of the Certificate of Final Acceptance." This provision has the obvious advantage of reducing the area of doubt as to when the action can be begun by keying the limitation period to an easily identifiable and provable fact, the date of filing the certificate of final acceptance. We think such a limitation provision is valid and enforceable, absent extraordinary circumstances. Furthermore, the contract provides (§ 33, subd D) that: "The date at which the Work shall be deemed to have been actually completed shall be the date fixed in the Certificate of Final Acceptance." Bearing in mind the fact that construction projects frequently involve a little touching up or some minor, relatively insignificant, work to be done after the contract is essentially completed, this provision also reduces an area of possible dispute by providing that to the extent that the actual date of completion is relevant (as to which we express no opinion) that date shall be the date fixed in the certificate of final acceptance. However, the certificate of final acceptance must be filed in good faith and not as a mere device improperly to foreshorten the period of bringing suits. And a defendant may by its conduct estop itself from insisting on the limitation period of the contract. (See, e.g., *Planet Constr. Corp. v Board of Educ.,* 7 NY2d 381, 385.) We think the interests of justice will be better served by an exploration at a separate trial of the issues whether the certificate of final acceptance was filed in good faith and whether the defendant is estopped from insisting on the contractual limitation rather than deciding upon the affidavits, and for that purpose we direct a prior separate trial of the issue of timeliness. (CPLR 3211, subd [c].) Concur—Kupferman, J. P., Silverman, Markewich and Yesawich, JJ.