OPINION OF THE COURT
Harry Edelstein, J.
Petitioner moves pursuant to CPLR 3211 (subd [a], par 6) to dismiss the counterclaims asserted by respondents. This action was originally instituted by notice of petition and petition for summary proceeding for nonpayment of rent according to a *976 written lease. On the return date of the petition, the respondents served an answer containing four counterclaims.
Petitioner contends that paragraph 25 of the printed form lease between petitioner and respondents, which provides in part: "It is further mutually agreed that in the event Landlord commences any summary proceeding for possession of the premises, Tenant will not interpose any counter claim of whatever nature or description in any such proceeding” (emphasis supplied) bars the respondents’ counterclaims.
Respondents oppose the motion contending that possession is not an issue in this proceeding, only money, since possession of the premises in question, Suite 1600 at 20 Squadron Boulevard, New City, New York, was returned to petitioner on March 29, 1979, and that the waiver of counterclaims contained in paragraph 25 of the lease is not applicable.
Generally, a provision in a lease prohibiting counterclaims in a summary proceeding for nonpayment of rent is valid. (3 Rasch, Landlord and Tenant, § 1328.) Several cases have upheld this judicial principle. (Orlowsky v East House Enterprises, 32 Misc 2d 664; Linker v Herard, 13 Misc 2d 445; Amazon Mgt. Corp. v Paff, 166 Misc 438.) None of these cases, however, indicate that possession of the premises was not at issue.
Respondents’ answer alleges four combined defenses and counterclaims. It is necessary to distinguish between a defense and a counterclaim. Section 743 of the Real Property Actions and Proceedings Law specifically provides that any legal or equitable defense may be interposed in a summary proceeding. Yet, in the same instance, a counterclaim may validly be waived by a lease provision. (Bianchi v Ficoratto, 83 Misc 2d 996, 997; Edgemont Assoc. v Skolnick, 90 Misc 2d 761, 763.)
In addition, it appears that the language of the purported waiver itself does not cover the situation herein since the question of possession is not included. In paragraph 25 the tenant agreed not to interpose any counterclaim "in the event the landlord commence[d] any summary proceeding for possession of the premises”. Basic principles of contract construction provide that waivers of rights will not be inferred unless the intent to waive is clear and that any ambiguities in language are to be resolved against the author. Thus, this court cannot agree with petitioner’s interpretation of paragraph 25 of the lease, since there is no issue of possession.
In addition, such a waiver in summary proceedings where *977 possession is not an issue might well be subject to the application of the emerging doctrine of unconscionability. (Real Property Law, § 235-c; see 1 Rasch, Landlord and Tenant [1978 Supp], § 118.5; Weidman v Tomaselli, 81 Misc 2d 328, affd 84 Misc 2d 782.)
Two other considerations not referred to by counsel mitigate against dismissing the counterclaims on the basis of the waiver provision in the lease. First, respondents’ counterclaims in part allege fraud, and seek to void the lease in its entirety. Second, there may be a question as to the continued validity of the lease provisions after surrender. (See 2 Rasch, Landlord and Tenant, §§ 888, 889.)
Accordingly, petitioner’s motion to dismiss respondents’ counterclaims is denied.