■ COMMERICIAL CREDIT CORPORATION, Respondent-Appellant, v CYC REALTY, INC., Appellant-Respondent. (And a Third-Party Action.) — Appeals (1) *from that part of an order of the Supreme Court at Special Term (Prior, Jr., J.), entered October 19, 1982 in Albany County, which denied defendant's cross motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered March 23, 1983 in Albany County, which denied plaintiff's motion for summary judgment upon reargument.* ¶ Plaintiff seeks to recover damages for breach of a written agreement for the lease of a

photocopying machine, entered into by plaintiff with defendant and A. B. Dick Company (vendor) on March 25, 1980. ¶ Under the terms of the lease, plaintiff was to lease an A. B. Dick bond copier, model 990, to defendant for a term of 48 months at a rent of $147.02 per month, payment to commence on April 21, 1980. The lease also contained the following sentence in dark, bold print: "Lessor is not a manufacturer or distributor of the equipment and makes no representations or warranties, express or implied, regarding the merchantability, suitability or fitness for purpose, or other characteristics of the equipment." On March 21, 1980, defendant accepted delivery of the copying machine and warranted that it was in good repair and condition. ¶ In a letter dated March 30, 1981, defendant refused to pay rent due on the machine and informed plaintiff and A. B. Dick that it would no longer honor the lease and would like the machine removed because of the repeated service calls required for the machine's maintenance; apparently some 28 service calls in a little over one year. In a reply letter dated April 3, 1981, A. B. Dick wrote that the machine was performing as requested, and that the fault for the repeated service calls lay (1) in defendant's reluctance to purchase a service contract and (2) the reluctance of defendant's personnel to properly attend the machine. In any event, A. B. Dick also informed defendant that it had no power to terminate the lease, which was held by plaintiff. Plaintiff apparently refused to terminate the lease. ¶ When defendant failed to pay the rent due, plaintiff commenced an action for breach of the lease agreement. Defendant answered by pleading eight affirmative defenses, which, *inter alia,* stated that plaintiff's machine did not perform as was agreed upon by the parties. Defendant also counterclaimed for damages due to plaintiff's breach of the agreement. Thereafter, plaintiff moved for summary judgment. Defendant cross-moved for, *inter alia,* summary judgment dismissing plaintiff's complaint and leave to amend its answer with a third-party complaint against A. B. Dick. By order entered October 19, 1982, Special Term denied both motions for summary judgment, finding a question of fact as to the conspicuousness of the warranty exclusion as required by section 2-316 of the Uniform Commercial Code. Special Term did, however, grant plaintiff's motion to amend its complaint, and defendant's cross motion to amend its answer and for permission to serve A. B. Dick with a third-party complaint. ¶ Following the denial of its motion for summary judgment, plaintiff moved for reargument on the ground that Special Term "overlooked the law". Specifically, plaintiff referred Special Term to subdivision (10) of section 1-201 of the Uniform Commercial Code, which states, in relevant part: "Whether a term or clause is 'conspicuous' or not is for decision by the court". By order entered March 23, 1983, Special Term granted the motion for reargument and held that, as a matter of law, the warranty disclaimer was not conspicuous. Additionally, Special Term denied both plaintiff's and defendant's motions for summary judgment without prejudice to renewal after discovery. Plaintiff appeals from the March 23, 1983 order. Defendant appeals Special Term's order of October 19, 1982 insofar as it denied defendant's cross motion for summary judgment. ¶ In their briefs on appeal, the parties engage in an acrimonious argument concerning the applicability of article 2 of the Uniform Commericial Code to the transaction in question, plaintiff taking the position that article 2 of the Uniform Commericial Code does not apply. It appears, however, that plaintiff has failed to preserve this issue for review on appeal. Consistent with defendant's assertion, the record contains no evidence that plaintiff contested the applicability of article 2 of the Uniform Commercial Code before Special Term. In particular, in its original decision, Special Term observed that "[p]laintiff states that it does not contest the applicability of UCC §2-316 to the Lease". Plaintiff then moved for reargument, not contesting this statement by Special Term, but rather only

arguing that Special Term misconstrued its role in determining whether the disclaimer clause in the lease was conspicuous. Since the requirement of conspicuousness is contained in section 2-316 of the Uniform Commercial Code, it becomes obvious that plaintiff conceded the applicability of article 2 before Special Term. Accordingly, plaintiff has not preserved the issue for review (see *Mulligan v Lackey,* 33 AD2d 991). ¶ We thus must proceed to decide this case based upon the assumption that section 2-316 of the Uniform Commercial Code is applicable. In this regard, plaintiff argues that its disclaimer *is* conspicuous, as required by subdivision (2) of section 2-316 of the Uniform Commercial Code. ¶ "Conspicuous" is defined in subdivision (10) of section 1-201 of the Uniform Commercial Code, in pertinent part, as follows: "A term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it * * * Language in the body of a form is 'conspicuous' if it is in larger or other contrasting type or color * * * Whether a term or clause is 'conspicuous' or not is for decision by the court." ¶ The test, accordingly, is whether a reasonable person would notice the disclaimer when its type is juxtaposed against the rest of the agreement (1 Anderson, Uniform Commercial Code [3d ed], §§ 1-201:54 — 1-201:58, pp 210-212). As the only boldface print in the only four paragraphs on the first page of the agreement, it cannot be said that the disclaimer did not call attention to itself. Further, it is under the broad heading of "TERMS AND CONDITIONS OF LEASE" and appears before the authorizing signatures on the front side of the agreement and not on the back with the boilerplate paragraphs. For these reasons, we find that Special Term erred in ruling the disclaimer not conspicuous (1 Anderson, Uniform Commercial Code [3d ed], § 1-201:61, p 214). Accordingly, summary judgment on the issue of liability should have been granted to plaintiff. ¶ Finally, plaintiff contends that the Magnuson-Moss Warranty Act (US Code, tit 15, § 2301 *et seq.*) is inapplicable herein. Defendant apparently had argued at Special Term that it was applicable, but now, on appeal, has abandoned this issue (*McKee v City of Cohoes Bd. of Educ.,* 99 AD2d 923; *Lamphear v State of New York,* 91 AD2d 791). ¶ Order entered October 19, 1982 affirmed, without costs. ¶ Order entered March 23, 1983, modified, on the law, by reversing so much thereof as denied plaintiff's motion for summary judgment on the issue of liability; motion granted to that extent and matter remitted to Supreme Court for a trial on the issue of damages; and, as so modified, affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.