■ WALTER TRODE, Respondent, v OMNETICS, INC., Appellant. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered September 20, 1983 in Madison County, upon a decision of the court at Trial Term (Tait, Jr., J.), without a jury.

Plaintiff, who was employed by defendant under an oral agreement to perform construction work in Syria, commenced this action to recover $25,000 as the value of his grinding machinery and equipment used in the work which defendant agreed to transport to and return from Syria. Plaintiff initially commenced an action to recover $9,100 upon an alleged oral agreement in which defendant was to pay a monthly rental of $700 for the equipment. The two actions were consolidated by consent for trial. The equipment involved has apparently been seized by the Syrian Government. After a nonjury trial, the trial court concluded that plaintiff failed to prove a contract for rental, but found defendant had breached its contract to return the equipment to the United States and granted plaintiff judgment for $15,000 plus interest. Defendant has appealed.

On this appeal, defendant urges that the trial court erred in finding that defendant's representative, Mr. Kadah, conceded that he assumed responsibility for the return of the equipment, contending instead that he merely agreed to pay the cost of shipping. We disagree. In a nonjury case, a trial court's determinations should not be disturbed unless against the weight of the credible evidence (*Conti v Henkel,* 60 AD2d 678, mot for lv to app den 44 NY2d 641; *Shipman v Words of Power Missionary Enterprises,* 54 AD2d 1052). A review of the testimony confirms an adequate basis for the conclusion that defendant assumed responsibility for the return of plaintiff's equipment. This is

particularly rational since the parties were apprehensive about whether any equipment shipped into Syria would be confiscated. Plaintiff testified that defendant acknowledged return of the equipment would be difficult, and agreed to reimburse plaintiff in the event return was precluded. Although defendant refuted such an agreement, the conflict in testimony was for the trial court to resolve, and since its determination is supported by sufficient evidence in the record, it should not be disturbed.

Nor can we agree that the trial court erred in allowing the testimony as to the value of the equipment by plaintiff's witness, John Hickman. The record confirms that Hickman was an experienced contractor conversant with the type of machinery in question and had personally seen plaintiff's equipment at a previous construction site. As such, he was sufficiently qualified to render an opinion as to value (see *Broward Nat. Bank v Starzec,* 30 AD2d 603, 604; 21 NY Jur, Evidence, § 453, pp 569-570). The fact that Hickman's observations were made two to four years prior to 1980, when the return was due, merely goes to the weight of the testimony and not its admissibility.

We further find ample support for the trial court's award of $15,000 as damages. In addition to Hickman's valuation of the equipment at between $21,000 and $23,000, plaintiff testified that the total cost was approximately $21,000 and estimated that the current market value was between $15,000 and $17,000. As owner of the machinery and with 38 years of experience in the business, plaintiff was entitled to testify regarding its valuation (21 NY Jur, Evidence, § 445, pp 571-572). Since defendant failed to rebut this testimony and the trial court's award was within the scope of the testimony, the award should not be disturbed (see *Glazer v Quittman,* 84 Misc 2d 561).

Finally, defendant's contention that a check dated February 4, 1980, in the amount of $1,600 and marked "December 13 thru Jan 14 Final Settlement", constituted an accord and satisfaction of his agreement to return the equipment is clearly without merit. Given that plaintiff was being compensated at $400 per week and that the disputed check covers a four-week period, it becomes obvious that the payment represented salary due and nothing more.

Judgment affirmed, with costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.