OPINION OF THE COURT
Sidney Leviss, J.
This is an application by petitioner, Liberty Mutual Insurance Company, to vacate an arbitration award dated August 28, 1985 and for a trial de novo. Respondent cross-moves for an order confirming the award.
Respondent purchased motor vehicle liability insurance *671 from the petitioner, including an "Underinsured Motorist” endorsement. The endorsement provided coverage for bodily injury sustained by respondent in the event she was injured as the result of an accident with a motor vehicle carrying less bodily injury liability insurance coverage than provided by her own policy.
On March 27, 1984, respondent was injured in a motor vehicle accident. Respondent’s action against the other vehicle was settled for the liability policy limit on that vehicle of $10,000. Alleging that her injuries exceeded $10,000, respondent filed a demand for arbitration upon petitioner pursuant to the underinsured motorist endorsement contained in her policy. Upon completion of a hearing, the arbitrator awarded $65,000 to respondent.
It is petitioner’s contention that since the arbitration award exceeds $10,000, it is not bound by the decision pursuant to the terms of its underinsured motorist endorsement. The endorsement provides, in pertinent part, for binding arbitration only in the event a sum of $10,000 or less is awarded to its insured. If a greater sum is awarded, the determination is not binding and either party may elect to proceed to a trial de novo.
Respondent asserts that petitioner waived its rights to seek vacatur of the award by foregoing the arbitration provisions contained in the underinsured motorist endorsement and participating in the method of arbitration prescribed for binding arbitration in the case of "uninsured” motorist claims. Respondent further maintains that the nonbinding arbitration clause is void as against public policy. Moreover, she urges that, even assuming petitioner is entitled to vacate the arbitration award, the trial in this matter should be limited to an assessment of damages.
The Motor Vehicle Accident Indemnification Corporation requires that endorsements for uninsured motorist coverage provide for binding arbitration in accordance with the rules of the American Arbitration Association (AAA) where the insurer and policyholder fail to agree as to the entitlement to or amount of damages sustained by the policyholder. In contrast, the underinsured motorist endorsement in this case provided for common-law arbitration whereby a panel of 3 arbitrators was to be chosen and any decision agreed to by 2 of the arbitrators would be nonbinding if it exceeded $10,000. (See, 2 Schermer, Automobile Liability Insurance, at 33-34 [2d ed].)
*672 There is no question that respondent served petitioner with a demand for arbitration in accordance with the rules of the American Arbitration Association and in the manner provided for binding arbitration pursuant to the mandatory uninsured motorist endorsement. Moreover, a single arbitrator was chosen in accordance with the AAA rules and petitioner participated in the hearing without objection.
Either party to a contract may waive any of its provisions made for his benefit. (Whitler Contr. Co. v New York City Hous. Auth., 59 AD2d 882; see generally, 22 NY Jur 2d, Contracts, § 330, at 213.) The intent to waive must be clear and unambiguous. (See, Squadron Blvd. Realty Co. v Emrite, Inc., 99 Misc 2d 975.) Here, it is clear that by voluntarily participating in a form of binding arbitration pursuant to the AAA rules, petitioner waived its right to claim that the arbitration was nonbinding.
In that petitioner has waived its right to a trial de novo, this court need not pass upon the other issues raised by respondent.
Accordingly, petitioner’s motion is denied and the cross motion by respondent to confirm the arbitrator’s award is granted.