OPINION OF THE COURT
Geoffrey O’Connell, J.
This motion by plaintiff for an order pursuant to CPLR 3212 is disposed of as set forth below.
*195 The complaint alleges that on April 4, 1985 the plaintiff lessor entered into an equipment lease agreement with the defendant lessees. The agreement identifies Arbartel Systems, Inc. as the supplier of the equipment. The equipment in question is described as "One OKI 'A’ Cellular Phone System, Model 'A’ Serial No. 12900036237”. The lease provides for 36 monthly payments of $118.85 and under the heading "additional PAYMENT PROVISIONS OR REMARKS” States:
"Monthly access by PacTel, Insurance Policy and first 30 minutes of calls each month are included. $200. Returnable Security Deposit Included.
"LESSEE HAS THE OPTION TO PURCHASE PHONE AT TERMINATION OF LEASE FOR 10% ($2,300.00)”.
The lease requires that the equipment be returned in good working order upon termination of the lease. Under the heading "No Warranties” the following appears in bold print: "LESSEE AGREES THAT LESSOR HAS MADE AND MAKES NO REPRESENTATIONS OR WARRANTIES OF WHATSOEVER NATURE, DIRECTLY OR INDIRECTLY, EXPRESS OR IMPLIED, AS TO THE SUITABILITY, DURABILITY, FITNESS FOR USE, MERCHANTABILITY, CONDITION, OR QUALITY OF THE EQUIPMENT AND OF ANY UNIT THEREOF.”
The complaint which is dated January 30, 1987 alleges that no payments were made under the lease and seeks an award of $1,728.42. The answer contends as a "First Defense and Counterclaim” a breach of warranties and representations. A "Second Defense and Counterclaim” asserts that the defendants tendered the return of the equipment.
The sophistication and expense of equipment for even a routine business office together with tax considerations have led to increased use of equipment leases or bailments. (See, Commercial Credit v CYC Realty, 102 AD2d 970 [3d Dept 1984]; United States Leasing Corp. v Comerald Assocs., 101 Misc 2d 773 [Civ Ct, NY County 1979].) Litigation arising out of such arrangements has prompted a question as to the applicability of article 2 of the Uniform Commercial Code, which governs the sale of goods. What might be categorized as the strict constructionist view holds that article 2 is not applicable because a lease is not a sale. However, it has been persuasively argued that courts should look to the economic reality of the transaction, rather than to its form, in determining whether there has been a sale or a true lease. (3 Anderson, Uniform Commercial Code § 2-314:12, at 118 [3d ed].) Where the lease term is such that that lessee consumes *196 the vast majority of the value of the item and there is an option to purchase at expiration for a small fraction of the anticipated purchase price, the transaction more nearly resembles a sale and UCC article 2 should be applicable.
UCC 2-316 (2) permits the exclusion or modification of a warranty of fitness by written and conspicuous disclaimer of warranty. Such disclaimers have been given effect particularly where the transaction is between experienced businessmen (Carbo Indus. v Becker Chevrolet, 112 AD2d 336 [2d Dept 1985]; Commercial Credit v CYC Realty, supra; United States Leasing Corp. v Comerald Assocs., supra). However, UCC 2-302 which renders unenforceable unconscionable contract provisions has been applied to warranty exclusions. (Electronics Corp. of Am. v Lear Jet Corp., 55 Misc 2d 1066 [Sup Ct, NY County 1967].) Subdivision (2) of that statute provides that where reliance is placed upon the alleged unconscionability of a contract provision the parties shall be afforded a reasonable opportunity to present relevant evidence.
In the instant case the term of the lease and the purchase option persuade this court that the essential nature of the transaction is a sale rather than a true lease. Plaintiff alleges that there are certain realities with respect to mobile telephone systems of which everyone is aware. Such common knowledge is not shared by this court. Instead, the court’s attention focused on the contract section "additional payment provisions or remarks” indicating that the lease covers "monthly access by Pactel, Insurance Policy and first 30 minutes of calls each month”. This provision gives rise to an inference that more is being financed than just equipment. There is sufficient potential unconscionability in a financing arrangement for a contract to supply both goods and services which purports to exclude warranties and obligates the purchaser to make installment payments even where the bargained-for services are not provided to preclude summary judgment.
This motion is granted to the limited extent that the counterclaims as pleaded are dismissed as counterclaims for failure to include a demand for relief (CPLR 3017), but insofar as they are pleaded as defenses the motion is denied.