■ UNIVERSAL LEASING SERVICES, INC., Appellant, v FLUSHING HAE KWAN RESTAURANT et al., Respondents.—In an action to recover rent due under a lease of telephone equipment, the plaintiff appeals from an order of the Supreme Court, Nassau County (Murphy, J.), entered December 28, 1988, which, after a nonjury trial, is in favor of the defendants and against it dismissing the complaint.

Ordered that the order is affirmed, without costs or disbursements.

The instant action arose out of a lease entered into by the defendant Flushing Hae Kwan Restaurant and Clayton Funding Corporation whereby Clayton Funding Corporation leased to the restaurant certain telephone equipment for a two-year period. On the same date as the lease, the defendant Byung Hyun Lee executed a personal guarantee, and both the lease and the guarantee were assigned by Clayton Funding Corporation to the plaintiff. The defendants had previously selected

the equipment from a third party, Ivy Telecommunications, who sold it to Clayton Funding Corporation for leasing to the defendants. The evidence at trial indicated that Ivy Telecommunications and Clayton Funding Corporation had an established relationship and that Ivy Telecommunications contacted Clayton Funding Corporation when it became apparent that the defendants wanted to lease the equipment.

The defendants stopped making the rental payments after one and one-half years, and the plaintiff commenced the instant action to recover the additional rent due. At the trial, the defendants testified that the telephone equipment failed to work properly, that Ivy Telecommunications had failed to properly repair the equipment, and that both Ivy Telecommunications and the plaintiff refused to take back the equipment when it was offered to them. The plaintiff relied upon a provision in the lease which basically disclaimed all warranties on its part, and contended that the defendants' sole remedy for defective equipment was to look to the manufacturer. The plaintiff contended that the defendants were liable for the rent whether the equipment worked or not. Following a nonjury trial, the trial court dismissed the complaint based upon the finding that the lease was unconscionable under the circumstances of this case.

Where, as here, a case is tried without a jury, our power to review the evidence is as broad as that of the trial court, bearing in mind, of course, that due regard must be given to the decision of the Trial Judge who was in a position to assess the evidence and the credibility of the witnesses. Moreover, the trial court's determination will generally not be disturbed on appeal unless it is obvious that the conclusions could not be reached under any fair interpretation of the evidence (see, 1 Newman, New York Appellate Practice § 4.03 [5]; *Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492, 499; *Arnold v State of New York,* 108 AD2d 1021, 1023; *Trode v Omnetics, Inc.,* 106 AD2d 808; *Matter of Poggemeyer,* 87 AD2d 822, 823).

Applying these standards to the instant case, we find that there was sufficient evidence in the record to support the trial court's determination that the disclaimer of warranties provision of the lease was unconscionable in this case. The Official Comment to UCC 2-302 makes it clear that the principle of unconscionability "is one of the prevention of oppression and unfair surprise", and the Court of Appeals has noted that unconscionability is "a flexible doctrine with roots in equity" (*Matter of State of New York v Avco Fin. Serv.,* 50 NY2d 383,

389). This court has explained that procedural unconscionability concerns the contract formation process, while substantive unconscionability looks to the content of the contract *(see, State of New York v Wolowitz,* 96 AD2d 47, 67). "Examples of the former include, but are certainly not limited to, high pressure commercial tactics, inequality of bargaining power, deceptive practices and language in the contract, and an imbalance in the understanding and acumen of the parties. Examples of unreasonably favorable contractual provisions are virtually limitless but include inflated prices, unfair termination clauses, unfair limitations on consequential damages and improper disclaimers of warranty" *(State of New York v Wolowitz, supra,* at 67-68; *see also, Matter of Friedman,* 64 AD2d 70, 85). In the instant case, the trial court rightfully determined that many of these factors were present and, therefore, properly found the lease to be unconscionable *(see, Industralease Automated & Scientific Equip. Corp. v R.M.E. Enters.,* 58 AD2d 482; *Pactel Fin. v D. C. Mar. Serv. Corp.,* 136 Misc 2d 194; *Electronics Corp. v Lear Jet Corp.,* 55 Misc 2d 1066; *Frostifresh Corp. v Reynoso,* 52 Misc 2d 26, *revd on other ground* 54 Misc 2d 119).

In view of the above determination, we need not reach the plaintiff's remaining contentions. Mangano, P. J., Thompson, Eiber and Rosenblatt, JJ., concur.