■ ABDEL HAKIM ABDEL SAYED AHMED, Appellant, v MOHAMMED MOUSTAFA EL-REFAIE, Respondent. [645 NYS2d 44]

The plaintiff brought this action, *inter alia,* alleging false arrest and malicious prosecution. The defendant, *inter alia,* interposed the affirmative defenses of release and Statute of Limitations. The plaintiff alleged that the releases were forged. The parties agreed to refer the issues of "forgery and Statute of Limitations" to a Judicial Hearing Officer. After a hearing the Judicial Hearing Officer concluded that the "plaintiff has failed to sustain his burden of proof to prove the claims which he asserts" and dismissed the action. The counterclaims were also dismissed.

The Judicial Hearing Officer did not exceed his jurisdiction in dismissing the action *(see,* CPLR 4318; *Lipton v Lipton,* 119 AD2d 809). At the hearing the parties extensively litigated the issue of whether or not the plaintiff executed two documents, one in English and one in Arabic, both of which released the defendant from all the claims which were asserted in the plaintiff's lawsuit. Since the determination of this issue was dispositive of the entire controversy, the Judicial Hearing Officer did not exceed his authority in dismissing the action based upon his conclusion that the plaintiff had failed to sustain his

burden of proof *(see, Chalu v Tov-Le Realty Corp.,* 220 AD2d 552).

Furthermore, "the trial court's determination will generally not be disturbed on appeal unless it is obvious that the conclusion could not be reached under any fair interpretation of the evidence" *(Universal Leasing Servs. v Flushing Hae Kwan Rest.,* 169 AD2d 829, 830; *see also, Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492, 499; *Arnold v State of New York,* 108 AD2d 1021, 1023; *Trode v Omnetics, Inc.,* 106 AD2d 808). Based upon the evidence adduced at the hearing, there is no reason to disturb the conclusion of the Judicial Hearing Officer.

We have considered the plaintiff's remaining contentions and find them to be without merit. Miller, J. P., Copertino, Santucci and Altman, JJ., concur.