In an action, inter alia, to recover damages for personal injuries based on assault and battery, etc., the defendant Hector L. Hernandez appeals from a judgment of the Supreme Court, Orange County (Green, J.H.O.), entered December 27, 2001, which, after a nonjury trial, and upon an order of the same court dated November 21, 2001, and a report of the same court dated October 10, 2001, finding, inter alia, that he used excessive force in effecting an arrest, is in favor of the plaintiffs and against him in the principal sum of $7,500.
Ordered that the judgment is affirmed, with costs.
“Where, as here, a case is tried without a jury, our power to review the evidence is as broad as that of the trial court, bearing in mind, of course, that due regard must be given to the decision of the Trial Judge who was in a position to assess the evidence and the credibility of the witnesses. Moreover, the trial *432 court’s determination will generally not be disturbed on appeal unless it is obvious that the conclusions could not be reached under any fair interpretation of the evidence” (Universal Leasing Servs. v Flushing Hae Kwan Rest., 169 AD2d 829, 830 [1991]).
A claim that a law enforcement official used excessive force during the course of an arrest, investigatory stop, or other “seizure” of the person is to be analyzed under the “objective reasonableness” standard of the Fourth Amendment (US Const 4th Amend; Graham v Connor, 490 US 386, 388 [1989]; see Ostrander v State of New York, 289 AD2d 463, 464 [2001]). The determination of an excessive force claim requires an analysis of the facts of the particular case, including “the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he [or she] is actively resisting arrest or attempting to evade arrest by flight” (Graham v Connor, supra at 396).
Our review of the record herein reveals that the Supreme Court’s determination was based on a fair interpretation of the evidence and should not be disturbed. Krausman, J.E, McGinity, Cozier and Rivera, JJ., concur.