■ HARRY KALT, Respondent, v SIDNEY RITMAN, Defendant, and HBS, LTD., Appellant. [856 NYS2d 69]—

Judgment, Supreme Court, New York County (Milton A. Tingling, J.), entered August 15, 2007, after nonjury trial, awarding plaintiff the principal sum of $200,000, unanimously reversed, on the facts, with costs, and the complaint dismissed. The Clerk is directed to enter an amended judgment accordingly.

While the conclusions of a fact-finding court should not be disturbed on appeal unless they obviously could not have been reached under any fair interpretation of the evidence, especially when the findings rest in large measure on witness credibility (*Watts v State of New York*, 25 AD3d 324 [2006]), our reach in reviewing the evidence in a nonjury trial is as broad as that of the trial court (*see Universal Leasing Servs. v Flushing Hae Kwan Rest.*, 169 AD2d 829 [1991]).

The record in this action to collect on a purported loan reveals a preponderance of evidence that the $200,000 check given by plaintiff to defendant HBS and immediately turned over to the latter's factor was in consideration for the release of plaintiff as a personal guarantor of a corporate debt. Contemporaneous with receipt of the funds, the factor amended the guaranty to effect such release. No repayment period was ever agreed to between the parties, no interest was set on the principal amount, and no loan agreement exists. The testimony of the parties' accountant that the transaction was characterized as a loan in corporate records and tax returns to obtain a tax benefit, with no expectation on the part of either party that it would be repaid, was uncontroverted. Concur—Andrias, J.P., Friedman, Buckley, Catterson and Acosta, JJ.