<partyblock>

200 East 62nd Owner LLC, Petitioner-Landlord-Appellant,  

against

Betty Grafstein, Respondent-Tenant-Respondent.

Landlord appeals from a final judgment of the Civil Court of the City of New York, New York County (Jean T. Schneider, J.), entered on or about April 1, 2019, after a nonjury trial, in favor of tenant dismissing the petition in a holdover summary proceeding.

Per Curiam.

Final judgment (Jean T. Schneider, J.), entered on or about April 1, 2019, affirmed, with $25 costs.

The trial court's fact-based determination that this long-term (50-year) rent stabilized tenant's absence from her apartment was temporary and excusable (see Rent Stabilization Code [9 NYCRR]  2520.6[u], 2523.5[b][2][v], [vi]), is supported by a fair interpretation of the evidence (see 542 E. 14th St. LLC v Lee, 66 AD3d 18, 20-21 [2009]), and is not disturbed. The testimony of the 90-year old tenant, characterized by the court as "entirely credible," established that she was unable to travel from her vacation home in Portugal back to the subject apartment due to two slip and fall accidents resulting in physical injuries, and several underlying medical conditions, which required multiple hospitalizations, therapy and rehabilitation. The trial record also shows that tenant maintained all of her personal belongings in the subject apartment during her absence, received her mail there and did not sublet the apartment (see Second 82nd Corp. v Veiders, 146 AD3d 696 [2017]; WSC 72nd Owners LLC v Bondy, 21 Misc 3d 145[A], 2008 NY Slip Op 52541[U][App Term, 1st Dept 2008]).

Contrary to landlord's assertion, tenant did not fail to establish an excused absence based upon a lack of admissible medical evidence. Though tenant's medical records were in Portugese and inadmissible, the absence of admissible documentary evidence is not dispositive "especially when there is a preponderance of credible personal testimony" (300 E. 34th St. Co. v Habeeb 248 AD2d 50, 55 [1997]). Based upon the credible testimonial evidence presented at trial, it cannot be said that the Civil Court's decision was not a fair interpretation of the evidence. While this Court's power to review the record is as broad as that of the trial court, "due regard must be given to the decision of the Trial Judge who was in a position to assess the evidence and the credibility of the witnesses" (Universal Leasing Servs. v Flushing Hae Kwan Rest., 169 AD2d 829, 830 [1991]). Here, the trial court, having observed the witnesses' demeanor and heard their testimony, was in a better position to make findings of fact on issues in dispute (see Claridge Gardens v [*2]Menotti, 160 AD2d 544, 545 [1990]).

We note that the isolated misstatement in the court's comprehensive written decision regarding the number of tenant's hospitalizations during the Golub period did not undermine the court's otherwise proper resolution of this matter (see 951 LLC v Carasco, 53 Misc 3d 151[A], 2016 NY Slip Op 51690[U] [App Term, 1st Dept 2016]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur

Decision Date: January 29, 2020

<form method="LINK" action="../../slipidx/at_1_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>