Arnold L. Fein, J.
In this article 78 proceeding, petitioner landlord seeks a review of the determination of respondent Conciliation and Appeals Board (CAB) directing the landlord to roll back the rental of the subject premises to an amount not exceeding that allowed under the New York City Rent Stabilization Law and directing a refund of overcharges. Petitioner contends that the premises are exempt from the Rent Stabilization Law by virtue of the fact that the premises are subject to a first mortgage guaranteed by the Federal Housing Administration (FHA).
*815 This identical issue has heretofore and fairly recently been determined adversely to the position taken by petitioner in a carefully considered opinion, with which this court concurs. (Stoneridge Apts. Co. v. Lindsay, 303 F. Supp. 677.) Petitioner does not seek to distinguish this case from Stoneridge. There is no merit to petitioner’s contention that the Federal District Court erred. Stoneridge and the authorities cited therein compel the conclusion that the determination of respondent CAB was correct in law and fact. Federal Housing Comr. v. Reese (62 Misc 2d 522), relied on by petitioner, is not in point. There the FHA had taken over the property in foreclosure. As the court there held the Rent Stabilization Law (Administrative Code of City of New York, § YY51-3.0, subd. a) expressly exempts from this coverage “ dwelling units (1) owned or leased by, or financed by loans from, a public agency or public benefit corporation ’ ’. The Federal Housing Administration is a public agency which owned the premises there involved. The actions of the FHA as owner are not subject to regulation by the City Council of the City of New York (United States v. Wittek, 337 U. S. 346).
Petitioner’s motion is denied and the proceeding is dismissed.