188 N.J. Super. 539 (1982)
457 A.2d 1241
MARINE VIEW HOUSING COMPANY NO. 1, PLAINTIFF,
v.
EDGAR AND ERMA BENOIT, DEFENDANTS.
Superior Court of New Jersey, Law Division Hudson County.
November 19, 1982.
*540 Milton, Keane & Brady for plaintiff (Michael D. O'Shea appearing).
Robert C. Damm for defendants.
CASTANO, J.S.C.
This case poses the previously unanswered question of whether tenants of a New Jersey Housing Finance Agency (HFA) residential project who fail to pay an agency-approved rent increase may, in a summary dispossess action instituted because of their failure to pay the increase, assert as a defense that the increase was "unconscionable." They may not.
The issue is before the court on a motion for partial summary judgment by the owner (Marineview) of the project in which defendants reside. From the certifications submitted, the following relevant facts emerge as undisputed:
1. Marineview was granted a rent increase covering defendants' apartments by the HFA on August 27, 1981.
2. Defendants, acting through a tenants association, have withheld the increase from their regular rental payments to Marineview.
3. On April 27, 1982 Marineview commenced an eviction action against defendants in the Hudson County District Court. On defendants' motion the action was removed to this court on June 15, 1982.
4. Defendants entered defenses of violation of warranty of habitability as well as those available under the Anti-Eviction Act, N.J.S.A. 2A:18-61.1.
5. Plaintiff then moved for partial summary judgment, solely as to the defense under N.J.S.A. 2A:18-61.1(f) which precludes eviction for nonpayment of any rent increase determined to be "unconscionable."
To resolve the issue, the provisions of N.J.S.A. 55:14J-9(5) empowering the agency to control rents must be reconciled with *541 the Anti-Eviction Act's unconscionability provision. The issue, therefore, is solely a question of law and summary judgment is appropriate.
The result reached here is a logical sequence of Overlook Ter. Mgmt. v. W. New York Rent Control Bd., 71 N.J. 451 (1976), where the court held that HFA-approved rent increases could not be overridden by local rent regulations. Exclusive control by the HFA of its own projects was recognized as the aim of the New Jersey Housing Finance Agency Law of 1967.
The HFA's ability to set rents within its projects without external interference is essential to the fulfillment of its statutory mission of providing low-cost housing while at the same time maintaining a reasonable rate of return for private investors. As the court pointed out in Overlook at 465,
The importance of having the Agency establish rent levels in its projects is particularly significant in light of the manner in which the Agency raises its funds, which in turn the Agency lends for the construction of housing projects ... The sale of the Agency's bonds at low rates of interest redounds to the benefit of the tenants because the interest demanded on the housing owner's mortgage obligation to the Agency has been correspondingly low. Revenues from the housing projects, derived solely from the rents, are pledged to secure the interest and principal amortization of the Agency's bonds ... A financial deficiency in one project could affect others.
Moreover, the tenants are not deprived of their defense, whether it be denominated unconscionability or something else. The HFA regulations provide a mechanism which insures administrative review of both the impact on the tenant of the increases and of the owner's need.
If a tenant, whose low income level is a prerequisite to his eligibility for HFA housing in the first place, objects to the increases, he may request a hearing which will be conducted before an administrative law judge in accordance with the Administrative Procedure Act, N.J.S.A. 52:14B-1 et seq. See N.J.A.C. 5:80-1.10. The tenants here had ample opportunity in that forum to argue that the increases they object to are unconscionable.
*542 In addition, a landlord's ability to raise rents is far more restricted under HFA criteria, which limits him to a prescribed maximum, than it is under N.J.S.A. 2A:18-61.1(f). The HFA must take into account the limited income of the tenants before approving any increase. N.J.S.A. 55:14J-2.1; N.J.A.C. 5:80-1.9. See, also, Overlook Ter. Mgmt., supra, 71 N.J. at 463. The defense of unconscionability, therefore, is available by implication.
In contrast, to prevail on a defense of unconscionability in a dispossess action the tenant bears the heavy burden of proving that a rent increase is "monstrously harsh and shocking." Hill Manor Apts. v. Brome, 164 N.J. Super. 295, 309 (Cty.D.Ct. 1978).
Defendants on this motion rely primarily on Justice Pashman's dissenting opinion in Overlook in which he argued that in light of the severity of the low-income housing shortage, the HFA's enabling act should be construed as creating only a financing agency, without the exclusive power to regulate project rents. 71 N.J. at 468.
Defendants ask that the reasoning in the Overlook dissent be adopted here so as to permit conscionability review of the HFA's approval of the increases. The contention calls for a reconsideration of the Overlook majority's holding that the HFA was intended to possess comprehensive rent control authority. Needless to say, the argument is not properly addressed to this court.
Defendants also place great stake in a county court opinion which held that a rent increase subject to HUD controls was not immune from challenge on grounds of unconscionability under the Anti-Eviction Act. Edgemere at Somerset v. Johnson, 143 N.J. Super. 222, 229 (1976). That opinion, however, is unsupported by explanatory reasoning and has already been distinguished. See, contra, Hill Manor Apts., supra, 164 N.J. Super. at *543 306. This court disagrees with the interpretation of the Anti-Eviction Act expressed in Edgemere and declines to follow it.
Finally, defendants resort to a line of cases holding that the defense of breach of warranty of habitability may be raised by tenants of rent-controlled, government-sponsored housing. Newark Housing Auth. v. Scott, 137 N.J. Super. 110 (App.Div. 1975). Defendants argue that there is an analogy between the breach of warranty of habitability defense and the unconscionability defense under the Anti-Eviction Act, and conclude that consistently defendants should be able to raise both defenses in equal fashion. The argument is fallacious because it ignores the different nature of the two defenses.
Unlike the statutorily created unconscionability defense, the warranty of habitability defense is derived from case law. Marini v. Ireland, 56 N.J. 130 (1970). A "habitability" case requires only consideration of the services actually delivered by a landlord. It imposes no additional obligations on an owner that could be inconsistent with HFA's regulation of its projects. It does not intrude on the agency's rent control discretion.
A denial of eviction or rate abatement on grounds of breach of the habitability warranty would merely force the landlord to provide its tenants with the minimum services that the HFA intended they receive. It would not require the court to undertake a financial inquiry that would preempt the legislative scheme for HFA management of its own projects.
Defendants' claim of unconscionability seeks nothing less than direct review by a trial court of the HFA's decision to grant the increase. Under R. 2:2-3(a)(2) only the Appellate Division may review the decisions of a state agency. Degnan v. Nordmark & Hood Presentations, Inc., 177 N.J. Super. 186, 191 (App.Div. 1981), app. dism. 87 N.J. 427 (1981). This court is without jurisdiction to entertain that kind of review.
Plaintiff's motion for partial summary judgment striking the defense under N.J.S.A. 2A:18-61.1(f) is granted.