211 N.J. Super. 462 (1985)
511 A.2d 1273
CROMWELL ASSOCIATES, A PARTNERSHIP, PLAINTIFF,
v.
MAYOR AND COUNCIL OF THE CITY OF NEWARK, AND THE CITY OF NEWARK, A MUNICIPAL CORPORATION, DEFENDANTS.
Superior Court of New Jersey, Law Division Essex County.
Decided November 7, 1985.
*464 Sheppard A. Guryan for plaintiff (Lasser, Hochman, Marcus, Guryan and Kusken, attorneys; Sheppard A. Guryan and Bruce H. Snyder on the brief).
Kathleen C. Goger for defendants (Rosalind Lubetsky Bressker, Corporation Counsel for City of Newark, attorney).
Paul J. Giordano and Chester Wiech, Jr. for defendants-intervenors the Cromwell Terrace Tenants Association (Sandra A. Robinson, Director of Essex-Newark Legal Services, attorney; Paul J. Giordano, Chester Wiech, Jr. and Felipe Chavana on the brief).
MARGUERITE T. SIMON, J.S.C.
Attacks on the facial constitutionality of rent-control ordinances have inundated the courts since Inganamort v. Borough of Fort Lee, 62 N.J. 521 (1973), which held that municipalities have the power to enact such ordinances in the face of critical housing shortages. However, this is a case of first impression. The issue here is whether an ordinance *465 which places a maximum limitation on annual increases, including increases granted pursuant to the hardship provision of the ordinance, is constitutionally permissible.

I.

Background.
The rent-control ordinance presently in effect in Newark was adopted in 1982. The ordinance permits a 6% increase annually (NRO 15:9B-3) as well as a board-approved increase in cases where the proofs demonstrate that a particular hardship forecloses on a landlord's ability to obtain a fair rate of return defined by the ordinance as an 11.5% return on investment. NRO 15:9B-2.
On April 17, 1985, the City of Newark amended the rent control ordinance to limit the total of all increases granted in any 12-month period to 25%:
Since an immediate rent increase of more than 25 per cent above the prior monthly rent may be considered unconscionable and imposes a hardship on a tenant, the board shall not grant increases exceeding 25 per cent in any one year for any tenant.
For the purpose of determining whether the rent increase exceeds 25 per cent of the monthly rent, all increases pursuant to Section 15:9B-3 (Rent increases), 15:9B-7 (Capital improvements) and 15:9B-8 (Landlord hardships) occurring within 12 months prior to the effective date of the increase shall be added to determine if that amount exceeds 25 per cent of the prior monthly rent. [NRO 15:9B-21]
Plaintiff contends that the imposition of the 25% limitation denies it a fair rate of return as constitutionally mandated.
Plaintiff is the owner of the 294-unit Cromwell Terrace Apartments located at 352-376 Mount Prospect Avenue, Newark. On August 31, 1984, plaintiff applied to the Rent Control Board of the City of Newark (hereinafter the board) for hardship increases. Subsequently the board declared a moratorium on all hardship increases until January 31, 1985; plaintiff's application predated the declaration and therefore was exempt from the moratorium.
*466 On November 27, 1984, the board approved plaintiff's application for hardship increases averaging 33% per tenant, but conditioned its approval on the completion of specified repairs. These conditions were substantially complied with and the hardship increases became effective March 1, 1985. The increases granted by the board were not appealed and are not disputed. In March 1985, plaintiff notified its tenants of an additional 6% increase to be effective May 1, 1985, pursuant to the automatic increase provision of the ordinance which provides:
The establishment of rents between a landlord and tenant in all housing spaces shall hereafter be determined by the provisions of this ordinance. The expiration of a lease or at the termination of the lease of a periodic tenant, no landlord may request or receive a percentage increase in rent which is greater than six (6%) per cent without first petitioning the Rent Control Board.
The rental for housing space shall not be increased more than 6% in any consecutive twelve (12) month period irrespective of the number of different tenants occupying said housing space during said 12 month period, any change of ownership of the landlord or vacancy of the housing space. [NRO 15:9B-3]
As a result of the April 17, 1985 amendment to the ordinance limiting increases to 25% in a year, plaintiff was unable to obtain the 6% increase. Plaintiff then filed a verified complaint in lieu of prerogative writs against defendants, Mayor and Council of the City of Newark and the City of Newark on May 7, 1985 challenging the constitutionality of the amendment. Defendant-intervenors are tenants of Cromwell Terrace who dispute the 6% increase.
On May 31, 1985, the court placed preliminary restraints on the application of the ordinance and ordered that the 6% increase be collected and held in escrow pending determination of this matter.

II.

Constitutionality of the Ordinance.
The facial validity of a rent-control ordinance depends upon whether the regulatory scheme, in its entirety, permits an efficient landlord to receive a just and reasonable return on its *467 investment. Hutton Park Gardens v. West Orange Town Council, 68 N.J. 543, 568 (1975); Troy Hills Village v. Township of Parsippany-Troy Hills, 68 N.J. 604, 620 (1975); Brunetti v. Borough of New Milford, 68 N.J. 576, 592 (1975). The Newark ordinance, on its face, defines a fair and reasonable return as an 11.5% return on investment. NRO 15:9B-2. The constitutionality of this provision is not questioned.
The constitutional requirement that rent regulation permit a fair and reasonable return does not mandate any particular form for the regulation. Hutton, supra, 68 N.J. at 569. It does, however, require that the regulation serve a public purpose without arbitrariness and discrimination. Ibid. Consequently, the question is whether the 25% limitation on annual increases, including hardship increases, amounts to an arbitrary or discriminatory act of legislative power.
The very nature of rent control requires that a limit be placed on rent increases. Such limits have been held valid providing a safety valve, such as a hardship mechanism, exists which can assure an efficient landlord a fair return. Hutton, supra at 572. In Hutton, supra, our Supreme Court mandated that "every rent control ordinance must be deemed to intend, and will so be read, to permit property owners to apply to the local administrative agency for relief on the ground that the regulation entitles the owner to a just and reasonable return." Ibid. The amendment to the Newark ordinance before this court, goes one step further than the ordinances contemplated in Hutton by placing a limit on the hardship relief granted by the local administrative agency. As a practical matter, it would appear that severe hardships requiring more than a 25% increase would be rare. The court agrees with plaintiff that any such limit, even a generous 25%, is arbitrary in that it cannot be read as contemplated by Hutton, to insure a fair return.
It is the obligation of the court to uphold the validity of the ordinance where there exists any reasonable interpretation which effectuates the legislative intent without violating the *468 Constitution. Quick Chek Food Store v. Springfield Township, 83 N.J. 438, 447 (1980); Newark, etc., Cream Co. v. Parsippany-Troy Hills Township, 47 N.J. Super. 306, 333 (Law Div. 1957). Consequently, any reasonable interpretation which achieves this goal would be more desirable than a finding of unconstitutionality. One proposed interpretation would eliminate application of the amendment to plaintiff by calculating the calendar year from the effective date of the amendment rather than the usual anniversary date. However, the amendment specifically provides that "all increases ... occurring within 12 months prior to the effective date of the increase shall be added to determine if that amount exceeds 25 per cent of the prior monthly rent." NRO 15:9B-21.
The plain meaning of this language coupled with the conduct of defendants who enacted the amendment and immediately applied it to plaintiff clearly militate against such an interpretation. The 12-month period contemplated here is no different from the base year concept frequently employed in rent-control legislation and must be interpreted as such. Even though this amendment considers the prior 12-month period in its calculation, it cannot be considered retroactive legislation or a retroactive application. The present situation is unlike that considered by the Supreme Court in South Hamilton Associates v. Mayor and Council of Morristown, 99 N.J. 437 (1985) where an ordinance was specifically enacted to be effective retroactively and such retroactive application interfered with existing contract rights.
A second proposed interpretation proferred by defendants-intervenors is that the hardship provision and the 6% annual increase provision are alternate mechanisms. As a result, even if the 25% limit is unconstitutional, they maintain plaintiff cannot collect an additional 6% as it made a hardship application during the same year. The court finds that this proposed interpretation violates not only the plain meaning, but the past implementation of the ordinance.
*469 The 6% increase is tailored to keep a landlord current with respect to operating income and expenses. Where the 6% increase does not give a fair and reasonable return, a landlord may apply for relief under the hardship provision. That the increases are not mutually exclusive is further reinforced by the fact that the notice of hardship determination sent to plaintiff by the rent control board granting specific increases averaging 33% provided "no rent may be charged in excess of the maximum rent stated above other than the legal annual 6%...." This language indicates that the intent of the legislators is to allow a 6% increase automatically and in cases where necessary, to allow larger increases if the board approves them.
Defendants and defendants-intervenors suggest that the ordinance might also be interpreted as merely placing a moratorium and not a cap on total increases. They argue that the net effect of the amendment is not to deny increases, but merely to delay them. Implicit in this argument is a recognition that the constitutional requisites are not otherwise met. While the power of municipalities to establish moratoriums is recognized, Redeb Amusement, Inc. v. Township of Hillside, 191 N.J. Super. 84, 100 (Law Div. 1983); Toms River Affiliates v. Environmental Protection Dept., 140 N.J. Super. 135 (App.Div. 1976), certif. den. 71 N.J. 345 (1976), such moratoriums have been imposed under different circumstances such as land development and the granting of licenses.
Interpreting the 25% limit as a moratorium and not a ceiling not only violates the plain meaning of the ordinance, but fails to render it constitutionally valid. Hardship increases are determined yearly based on actual operating costs of the prior year. Since there is no provision to factor in a "lost" hardship increase, the limitation would cause a snowball effect of losses that might not be recouped. Whether considered a ceiling or a moratorium, the net effect of this amendment is to compel the type of subsidization by a landlord or landlords invalidated in Property Owners Association of North Bergen v. Township of North Bergen, 74 N.J. 327 (1977).

*470 III.

Burden of Proof.
Municipal ordinances are presumed to be valid. Moyant v. Paramus, 30 N.J. 528, 534-535 (1959); Hutton, supra, 68 N.J. at 564-65. This presumption may only be overcome by clear and convincing evidence that the ordinance has a confiscatory effect on landlords. Helmsley v. Borough of Fort Lee, 78 N.J. 200, 218 (1978).
Defendant contends that plaintiff has failed to meet its burden of proof in that it presented the court with no specific evidence of confiscatory effect. Plaintiff made its proofs to the administrative agency. It is not required to furnish further proofs when the language of the amendment operates to deny plaintiff the fair rate of return contemplated by the board in granting the hardship increase.
In addition, when an ordinance is so restrictive as to facially preclude any possibility of a just and reasonable return, a court may declare it invalid without considering the actual effect on a specified landlord. Orange Taxpayers Council, Inc. v. Orange, 83 N.J. 246, 256 (1980) and cases cited therein. The amendment in question fits into that category because no matter what circumstances are presented to the board, the board cannot grant an effective hardship increase in excess of 19% (25% cap less 6% automatic increase).
When the maximum increase allowable by the rent-control ordinance is insufficient to provide an efficient operator a fair rate of return, the ordinance is unconstitutional on its face. Helmsley, supra; Hutton, supra; see also Park Tower Apts., Inc. v. Bayonne, 185 N.J. Super. 211, 221 (Law Div. 1982). Specifically, if a landlord cannot operate efficiently without an increase in excess of 25%, the limitation precludes that landlord from realizing a just return. No "saving provision" can be read into the ordinance as required by Hutton because of the clear 25% limit.
*471 Defendants further argue that the burden of proof rests with the plaintiff to show that the increases charged are not unconscionable. Cases considering the concept of unconscionability treat that concept in the context of the Anti-Eviction Act, N.J.S.A. 2A:18-61.1(f). See Edgemere at Somerset v. Johnson, 143 N.J. Super. 222 (Cty.D.Ct. 1976); Hill Manor Apartments v. Brome, 164 N.J. Super. 295 (Cty.Ct. 1978). It is interesting to note that, although only relevant here by way of analogy, Hill Manor employs a balancing test using landlord's reasonable expenses in considering whether a rent increase is "unconscionable." Ibid. In the present case, the board completed a similar test and granted plaintiff-landlord increases averaging 33%. Although the court sympathizes with those tenants who may be unable to afford higher rents, constitutionally, it cannot compel particular landlords to subsidize tenants to their own detriment. Property Owners Association of North Bergen v. Township of North Bergen, supra.
Furthermore, according to the provisions of the ordinance, landlords may effectuate the annual 6% increase without board approval, i.e., without submissions of proof of need. Compelling plaintiff to submit proofs with respect to the need for the 6% automatic increase constitutes a denial of equal protection where no other landlords are required to do so. Wilson v. City of Long Branch, 27 N.J. 360, 377 (1958), certif. den. 358 U.S. 873, 79 S.Ct. 113, 3 L.Ed.2d 104 (1958); Nelson v. South Brunswick Planning Board, 84 N.J. Super. 265, 277 (App.Div. 1964).

IV.

Conclusion.
The amendment to the Newark rent-control ordinance fails to comply with constitutional requisites. No reasonable interpretation of the amendment allows an efficient landlord to realize a fair and reasonable rate of return in cases where the board finds it is necessary to grant a hardship increase in excess of *472 19% annually. The increase is designed to be a supplement to the 6% increase, which is an automatic cost of living increase, so that a constitutional minimum return may be realized by all landlords.
The court, therefore, must find this amendment to be unconstitutional on its face and as applied to plaintiff.
Judgment for plaintiff.