217 N.J. Super. 552 (1987)
526 A.2d 295
MANUEL CALHABEU, PLAINTIFF,
v.
BENITA RIVERA, DEFENDANT.
MANUEL CALHABEU, PLAINTIFF,
v.
MARIA SANCHEZ, DEFENDANT.
Superior Court of New Jersey, Law Division Special Civil Part. Essex County.
Decided April 20, 1987.
Colin Stanton for plaintiff (Almeida & Livingston, attorneys).
*553 Angela Femino for defendants (Essex Newark Legal Services, attorneys).
FAST, J.S.C.
These were two summary actions for possession pursuant to N.J.S.A. 2A:18-61.1(f). This landlord served both tenants with notices to quit together with an increase in the rent. These cases were tried together because the landlord is the same in both cases, both tenants reside in the same building, there is no fact that differs materially in either case for the resolution of the subject legal issue, both cases were scheduled to be tried one immediately after the other, and they presented the set that "if it's not physical, it's not real." Id. at 414-415.
The legal issue presented is: who has the burden of proof in a summary action for possession where the landlord has increased the rent and a tenant refuses to pay the increased rent and claims that the increase is unconscionable? I have found no authority in New Jersey dealing directly with this issue. (Another issue common to both cases but not material to the resolution of this issue was resolved in a separate opinion which determined that these tenancies were subject to the requirements of N.J.S.A. 2A:18-61.1, rather than N.J.S.A. 2A:18-53.).
The rents were raised from $230 (Sanchez) and $250 (Rivera) to $400. The proportions of increase are 74% and 60%. The tenants acknowledged that they received the notices and that the notices complied procedurally with N.J.S.A. 2A:18-61.2.
Defendants claimed that the increase was unconscionable. The landlord testified that the increase was needed to meet the expenses of real estate taxes, mortgage payments, repairs, and maintenance expenses. However, neither party presented any factual basis for their claims. The landlord relied upon the premise that the tenants had to sustain the burden of proof that the increase was unconscionable, and the tenants relied upon the premise that the landlord had to justify the amount of increase, i.e., that the increase was not unconscionable (or, to *554 eliminate the double negative, that the increase was conscionable). Based upon the lack of any factual basis to support their positions, each proposed that whoever has the burden cannot prevail.
Under N.J.S.A. 2A:18-61.1(f), a landlord may raise a tenant's rent
provided the increase in rent is not unconscionable and complies with any and all other laws or municipal ordinances governing rent increases.
Although the subject property is in Newark, which does have a rent-control ordinance, it is exempt under the terms of that ordinance. Accordingly, the issue must be resolved by reference to subsection (f). I know of no common law defense to an increase in rent that is unconscionable. See Marine View Housing Co. v. Benoit, 188 N.J. Super. 539, 543 (Law Div. 1982) which points out that the defense of unconscionability is statutorily created. The issue, therefor, becomes the interpretation of the statute providing that defense. Parenthetically, if a tenancy is subject to N.J.S.A. 2A:18-53, rather than N.J.S.A. 2A:18-61.1, the issue is not material because the landlord may evict the tenant without "good cause" and then set a new rent subject only to municipal ordinances and the forces of the marketplace. Likewise, the issue does not exist where the control of rents is preempted by federal legislation (subsidized housing) or where there is a rent-control ordinance.

A.

Consideration of the Statutory Provision.
I find it significant that the statute uses the double negative "not unconscionable" in the subsection, rather than "conscionable" (which is the word sometimes used in Hill Manor, infra). However, contrast that with N.J.S.A. 2A:18-61.1(i). In that subsection, the standard used is "reasonable," a positive word; "unconscionable" is a negative word. The word "conscionable" is not found in the statute.
*555 Next, and most critical to the resolution of this issue, it must be noted that the Legislature, in N.J.S.A. 2A:18-61.1(i) expressly imposed the burden of proof of reasonableness on the landlord. The burden of proof with reference to an un conscionable increase (subsection (f)) was not imposed on either party.
The statutory interpretation theory is somewhere between expressio unius est exclusio alterius and noscitur a sociis. We are interpreting only a single statutory section. Surely, when the Legislature passed this section, as detailed as it is, it must have been cognizant of the difference between the negative word "unconscionable" and the affirmative word "reasonable." The imposition of the burden of proof in one instance and the silence in the other instance must have been considered by the Legislature.
Notwithstanding the many cases that say that the statute must be strictly construed to effectuate its intended purpose, the statements that most appeal to my sense of justice are "Each case must be governed by its own facts. The result must be just and fair to the landlord as well as the tenant." Berzito v. Gambino, 63 N.J. 460, 470 (1973).
Having thus analyzed the statutory scheme, I come to the conclusion that proving the positive word "reasonable" is the burden of the landlord, as stated by the statute, and I find correlatively that the Legislature meant that proving the negative word "unconscionable" is the burden of the tenant.

B.

Consideration of the Cases Referring to N.J.S.A. 2A:18-61.1.
No case (in my research) that refers to the subsection needed to decide this issue. The reference is either by analogy or discussion in consideration with either rent-control ordinances *556 or H.U.D. regulations allowing increases in rent. In either event, references to this issue are dictum.
The cases most commonly cited with reference to this issue are Edgemere at Somerset v. Johnson, 143 N.J. Super. 222, 229 (Cty.Ct. 1976); Hill Manor Apts. v. Brome, 164 N.J. Super. 295 (Cty.D.Ct. 1978); Marine View Housing Co. v. Benoit, 188 N.J. Super. 539, 542-543 (Law Div. 1982); and Cromwell Assoc. v. Mayor and Council, 211 N.J. Super. 462, 470 et seq. (Law Div. 1985) in chronological order. Harrison Associates v. Rent Leveling Board, 215 N.J. Super. 1 (App.Div. 1986) has been too recently approved to be "commonly cited."
None of the cases cited above turned on the subject issue. The following were H.U.D. (federal preemption) cases  Edgemere, Hill Manor, Marine View, Cromwell; the others cited above were rent-control ordinance cases. None required an interpretation of the subsection, and they did not involve an in-depth analysis of the subsection. This is not to say that they did not address the subject, only that they did not include an in-depth analysis of it. Hill Manor, supra, addresses "the issue of conscionability," and states that:
For a variety of reasons, it is my view that the burden should be placed upon the landlord. It is to be noted initially that the landlord generally has information in his possession pertaining to rent structure, operational costs, debt service and taxes. Such information is not available to most tenants. Since eviction proceedings are of a summary nature and pretrial discovery is not permitted, it would be difficult if not impossible for the tenant to provide the court with sufficient information to enable it to make an informed judgment pertaining to the reasonableness of rents charged. Further, it is the landlord who is seeking affirmative relief. It thus behooves him to present evidence justifying the tenant's removal. And finally, the Anti-Eviction Act is a "creature of the Legislature" and its provisions are to be strictly construed.
The burden rests with the landlord to prove each and every element of his claim by a fair preponderance or the greater weight of the credible evidence. This principle is fully applicable with respect to the issue of conscionability.... All that is necessary is that the landlord prove ... that the rent increases charged are not unconscionable. [164 N.J. Super. at 308]
The opinion does not discuss the fact that where the Legislature did impose the burden of proof on the landlord, it expressly stated it. More significantly, the opinion misses the point that *557 where discovery is appropriate, the court should sua sponte transfer the case, notwithstanding the parties' failure to make a motion therefor. Carr v. Johnson, 211 N.J. Super. 341, 349 (App.Div. 1986). Once again, in any event, the issue of burden of proof was dictum because the case turned on the federal preemption of rents in federally subsidized housing.
Further, the consequence of the court's determination in Hill Manor would be unfair to the tenant; the landlord would come to court on a trial date fully armed with his financial data to support the increased rent, and the tenant would be expected to counter those proofs without previously knowing what they were. With a transfer and discovery, the information that the landlord would rely on would be available to both parties.
Finally, I suspect (based on the cases cited in Hill Manor) that the trial court was relying on the rationale used in the rent-control ordinance cases. They consider "operational costs," "not rewarding the landlord by virtue of their excesses," and "inefficient landlords." These are all phrases used by the trial court in Hill Manor. The difference is that the rent-control ordinance cases have a different set of criteria than the Legislative criteria of N.J.S.A. 2A:18-61.1(f). However, N.J.S.A. 2A:18-61.1 was not intended to impose statewide rent control. Hill Manor Apartments v. Brome, supra, 164 N.J. Super. at 303 (and cases there cited).
With reference to discovery, other information that may be material may also be discovered. I submit that one of those factors may be the length of time that a tenant has been a tenant in the same apartment at the same rent. For example, a tenant may have been a tenant in that apartment through successive sales where the current owner does not have access to the information of, perhaps, the last two or three owners of that property. In other words, the information to be made available to the court should not relate to the landlord's net income alone. Note that the Legislature has not stated what should, or should not, be material considerations in determining *558 unconscionability. Apparently, however, the ability of a tenant to afford the increase is not one of the considerations. For, as it was said in Cromwell Assoc. v. Mayor and Council, supra, "Although the court sympathizes with those tenants who may be unable to afford higher rents, constitutionally, it cannot compel particular landlords to subsidize tenants to their own detriment." Id. 211 N.J. Super. at 471. However, I have not gone further into that issue because the criteria for a finding of unconscionability is not needed to resolve the issue of who has the burden of proving it.
Notwithstanding Hill Manor, for the reasons stated in this point, I find the burden of proof to be defendants'.

C.

General Considerations of the Burden of Proof.
I consider "unconscionability" to be a matter of defense. Traditionally, it is raised by defendant rather than plaintiff. Hill Manor said that it is the landlord's burden of proof since the landlord is seeking "affirmative relief." However, unconscionability is not raised by the landlord; it is raised by a tenant. Marine View supra, used the following phrases, "unconscionability defense," "Defendant's claim of unconscionability," and "striking the defense." 188 N.J. Super. at 543. These corroborate the view that this issue is raised by the tenant, and, therefore, the burden should be the tenant's, absent any legislation specifically to the contrary.
And, if there be any doubt remaining, see Mayes v. Jackson Tp. Rent Leveling Bd., 103 N.J. 362 (1986) where the Supreme Court recently referred to N.J.S.A. 2A:18-61.1, and noted: "(unconscionability of rent increase is a defense to removal for cause based upon failure to pay rent)." Id. at 378; emphasis supplied.
"It is a familiar principle that the burden of establishing the existence of a fact or circumstance is on the party relying *559 thereon." Snyder v. I. Jay Realty Co., 53 N.J. Super. 336, 347 (App.Div. 1958), aff'd in part, rev'd in part 30 N.J. 303.
Since I find the claim of unconscionability to be a matter of defense, as well as consistent with the statutory language and evident intent, and consistent with the case law in New Jersey, I find the burden to be defendants'.
Consistent with Carr v. Johnson, supra, I am hereby determining that these matters be transferred to the general civil calendar, thereby allowing discovery. In order to effectuate that, the attorney for the tenant shall prepare such an order (also consolidating these two actions) and submit it to me for processing. If no such order is submitted, I shall assume that the tenants do not agree to discovery, and that plaintiff shall prevail based upon the burden of proof being defendants', and the absence of proof contradicting the presumption arising from failure to overcome the burden. In that instance, the rents shall be set at $400 a month, and I will schedule this matter, by separate letter to both counsel, for a determination of the period within which the increases shall be paid.