OPINION OF THE COURT
Per Curiam.
Order entered November 4, 1993 affirmed, with $10 costs.
Appeal from order denying reargument entered January 7, 1994 dismissed, without costs, as nonappealable.
The nonpayment summary proceeding seeks recovery of a rent-stabilized apartment located in building premises which, though otherwise unsubsidized, are subject to a mortgage guaranteed by the United States Department of Housing and Urban Development (HUD) pursuant to section 207 of the National Housing Act (12 USC § 1713). While conceding that the rents sought in the petition accurately reflect the maximum allowable percentage increases previously authorized by both the New York City Conciliation and Appeals Board and its successor in administering the Rent Stabilization Law, the New York State Department of Housing and Community Renewal (DHCR), tenant nonetheless argues that the petitioner landlord is precluded from maintaining the proceeding because the rents demanded are in amounts "in excess of those approved by HUD”. We find the tenant’s argument unavailing, and thus affirm the denial of her motion for summary judgment dismissing the petition.
Absent the issuance of a HUD preemption order (see, 24 *346 CFR 246.5 et seq.), * the terms of appellant’s tenancy, including the maximum legal rent recoverable by the landlord, remain governed by rent stabilization (see, Matter of Pelham Towers v Conciliation & Appeals Bd., 71 Misc 2d 814 [Fein, J.]; see also, Sokol Apts. v Berlenghi, 71 AD2d 622). It is true, as tenant points out, that in order to maintain "reasonable rents” in buildings covered by a Federally insured mortgage, Federal regulations generally prohibit a mortgagor from unilaterally increasing rental rates in such buildings without prior HUD approval (see, 24 CFR 207.19 [e]). No such HUD approval need be obtained, however, in circumstances where, as here, rent increases in presumptively reasonable rates have been authorized in the first instance by a local rent control agency such as DHCR under a "carefully controlled system * * * which is continuously solicitous of the tenant interest”. (Gramercy Spire Tenants’ Assn. v Harris, 446 F Supp 814, 826 [SD NY].) As is reflected by HUD’s own expressed general policy to "not interfere in the regulation of rents by a [local] rent control board” (24 CFR 246.5), the primary objective of the National Housing Act "was not to bestow upon tenants the benefit of a system of low-rent control; rather, it was to generate the construction of low- and middle-income housing by private industry through a system of financial inducements to the private sector and the continuing assurance of an economically sound investment.” (Gramercy Spire Tenants’ Assn. v Harris, supra, at 825.)
Finally, since tenant is not properly considered an "intended” or "third-party” beneficiary of the regulatory agreement entered into between petitioner and HUD’s predecessor, the Federal Housing Authority (see, Reiner v West Vil. Assocs., 768 F2d 31 [2d Cir], and cases cited; see also, Fieger v Glen Oaks Vil., 309 NY 527, 535-536), petitioner’s alleged breach of the rent provisions of its regulatory agreement provides no defense to this nonpayment proceeding.
Ostrau, P. J., Miller and McCooe, JJ., concur.

The cited Federal regulation authorizes HUD to preempt rental rates established by a local rent control board on unsubsidized HUD-insured projects upon a determination that such rates will not produce a level of income sufficient to meet the financial obligations of the mortgage.