**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0435-22

CANDE LAND 2020, LLC.,

    Plaintiff-Appellant,

v.

RAMON DIAZ,

    Defendant-Respondent.

_____

Submitted October 12, 2023 – Decided November 14, 2023

Before Judges Currier and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. LT-005379-20.

Law Office of Michael D. Mirne, attorney for respondent (Michael D. Mirne, of counsel and on the brief).

Vas Law LLC, attorneys for respondent Ramon Diaz, have not filed a brief.

PER CURIAM

The landlord in this landlord/tenant dispute, plaintiff Cande Land 2020 LLC, appeals from a Law Division Special Civil Part order dismissing its complaint to evict defendant Ramon Diaz for failure to pay a rent increase pursuant to N.J.S.A. 2A:18-61.1(f).[1] Following a bench trial, the court issued a twenty-one-page written opinion, finding plaintiff failed to carry its burden to justify the sixty-nine percent increase it sought. The court concluded the rent increase was unconscionable under the multi-factor test set forth in Fromet Properties, Inc. v. Buel, 294 N.J. Super. 601, 614 (App. Div. 1996). The trial court rejected requests made by both parties to approve an alternative rent increase, ruling that it had no authority to do so. After carefully reviewing the record in light of the governing legal principles, we conclude there is sufficient credible evidence to support the trial court's finding that plaintiff failed to establish the sixty-nine percent rent increase was not unconscionable. We disagree, however, with the trial court's legal conclusion it had no authority to consider an alternate rent increase. We therefore vacate the order and remand

---

[1] At the trial, for reasons of judicial economy, the court simultaneously heard three eviction complaints involving substantially similar issues of fact and law, although they were not formally consolidated. The present appeal pertains solely to the eviction complaint against defendant Ramon Diaz.

for the court to determine an appropriate rent increase considering the totality of relevant circumstances.

The procedural history and pertinent facts adduced at trial are set forth comprehensively in the trial court's written opinion and need only be briefly summarized. The apartment building in question (the Property) is located on New Brunswick Avenue in Perth Amboy. Plaintiff purchased the Property in August 2019. At trial, plaintiff described the Property as a "typical urban rental property in fair condition."

On October 22, 2019, plaintiff sent a notice of a rent increase to all six tenants, including defendant, charging $1,400 per month for two-bedroom apartments. The notice purported to terminate defendant's existing lease effective November 30, 2019, and offered a new one-year lease beginning December 1, 2019. Defendant's proposed rent increase was sixty-nine percent, from $862 to $1,400 a month.

Initially, plaintiff tried to obtain approval for the rent increase under the Perth Amboy rent control ordinance, which allows landlords to apply for rent increases exceeding five percent upon a demonstration of hardship before the Perth Amboy Rent Leveling Board. However, the Mayor and City Council did

A-0435-22

not appoint a functioning quorum to the Board; thus, there was no entity to hear hardship applications.

After various attempts to persuade the Perth Amboy City Council to approve the rent increases, plaintiff filed a verified complaint in lieu of prerogative writ on December 19, 2019. Plaintiff sought to have the rent control ordinance stricken or, in the alternative, permission to increase the rents as though there was no rent control ordinance.

On April 14, 2020, the Law Division entered a consent order providing that the rent ordinance was not stricken. However, the consent order provided plaintiff an exception to the rent control ordinance "so that the [p]laintiff could immediately enforce fair market rent increases, as set forth in the [p]laintiff's previously served Notices of Rent Increase, in the manner that would be applicable to municipalities that do not have rent control."

On August 19, 2020, plaintiff filed six complaints seeking eviction for failure to pay a rent increase under N.J.S.A. 2A:18-61.1(f). Because of the eviction moratorium issued in connection with the COVID-19 related State of Emergency, the eviction actions were not heard until March 9, 2022. See Exec. Order No. 106 (March 19, 2020). The trial eventually took place on March 9, 2022.

4

Plaintiff presented evidence that at the time the property was purchased in 2019, the total rents collected for all six apartments was $54,758 a year. For the same period, the expenses were $25,313—$15,933 for property taxes, $3,600 for water charges, and $5,780 for insurance. Therefore, before plaintiff purchased the Property, its net annual revenue was $29,455.

For its 2019 projected revenue estimates, plaintiff assumed the same rents but included an additional $17,200 for capital improvements. Thus, the projected income for 2019 was $8,113. For 2020, the building's total expenses were $27,122. For 2021, the yearly expenses were $25,497.

Plaintiff argued the rents for the apartments "were very low." He maintained he was entitled to a fair market rent of $1,400 a month. However, two local landlords testifying for the defendants stated the average rent their tenants pay for a two-bedroom apartment in Perth Amboy is $1,200 a month.

The trial court conducted a comprehensive factual analysis of income and expenses based on the trial testimony and documents submitted. The court noted that plaintiff's income for the Property increased because the Section 8 program

began to subsidize rents for two of the six apartments at $1,470 a month beginning September 1, 2021.[2]

The trial court applied the five-factor test promogulated in <u>Fromet</u>, and determined plaintiff failed to meet its burden of establishing that the rent increase to $1,400 was not unconscionable. Because the burden of proof was not met, the court dismissed plaintiff's complaint. This appeal follows.

Plaintiff contends (1) it has met all the procedural requirements for the proposed rent increase; (2) the trial court erred in determining the rent increase being sought was unconscionable; and (3) the trial court erred in determining a proposed rent increase, which it viewed as being unconscionable, must be struck in its entirety.

We apply a deferential standard in reviewing a trial court's factual findings in a bench trial. <u>Balducci v. Cige</u>, 240 N.J. 574, 595 (2020); <u>State v. McNeil-Thomas</u>, 238 N.J. 256, 271 (2019). In an appeal from a non-jury trial, appellate courts "give deference to the trial court that heard the witnesses, sifted the competing evidence, and made reasoned conclusions." <u>Griepenburg v. Twp. of Ocean</u>, 220 N.J. 239, 254 (2015). Accordingly, "'we do not disturb the factual

---

[2] "Section 8" refers to a federal program providing low-income housing assistance. <u>See</u> 42 U.S.C. § 1437f.

findings and legal conclusions of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice[.]'" Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011) (quoting In re Tr. Created By Agreement Dated Dec. 20, 1961, ex rel. Johnson, 194 N.J. 276, 284 (2008)) (quoting Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974)) (internal quotation and editing marks omitted). However, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

N.J.S.A. 2A:18-61.1(f) establishes that a tenant may be removed if the tenant "has failed to pay rent after a valid notice to quit and notice of increase of said rent, provided the increase in rent is not unconscionable and complies with any and all other laws or municipal ordinances governing rent increases." The landlord has the burden of establishing that the proposed rent is "not unconscionable." Fromet Properties, Inc., 294 N.J. Super. at 610. In determining what qualifies as "unconscionable," trial courts are permitted to consider:

(1) the amount of the proposed rent increase; (2) the landlord's expenses and profitability; (3) how the existing and proposed rents compare to rents charged at similar rental properties in the geographic area; (4) the relative bargaining position of the parties; and (5) based on the judge's general knowledge, whether the rent increase would 'shock the conscience of a reasonable person.'

[Id. at 614.]

We emphasized in Fromet that "[t]here may be other factors which, on a case-by-case basis, a court may consider, and therefore this enumeration shall not be deemed exhaustive." Ibid.

Here, with respect to factor one, the amount of the proposed rent increase is sixty-nine percent. With respect to the second factor, the trial court found it "clear that the [p]laintiff turns a profit on this property without any increase to the rents of the [d]efendants."

Under factor three, the trial court considered "the extensive number of rental properties owned" by defendants' witnesses and "the large sample they offered for the [c]ourt's consideration." In contrast, the court noted, plaintiff relied on just two rental properties as "comparables." The court found the market rate rent for a two-bedroom apartment in Perth Amboy "is closer to $1,200 than $1,400 a month."

8

As to factor four—the relative bargaining position of the parties—the court found that plaintiff "commands the superior bargaining position in the manner." Plaintiff is an experienced landlord who was previously certified as a real estate broker and is knowledgeable about the real estate business.

Finally, the court addressed the fifth factor, which requires the court to determine whether the proposed rent increase would shock the conscience of a reasonable person. Id. at 614 (quoting Edgemere at Somerset v. Johnson, 143 N.J. Super. 222, 229 (Dist. Ct. 1976)) (Unconscionableness "has been defined in terms of actions which would not be acceptable to any fair and honest man, or conduct which is monstrously harsh and shocking to the conscience."). The trial court concluded the proposed rent increase of sixty-nine percent, "without any valid claim of hardship on the part of the landlord shocks the judicial conscience and renders the proposed increase unconscionable for the purposes of N.J.S.A. 2A:18-61(f)."

With respect to plaintiff's hardship claim, the trial court noted plaintiff did not learn of the below-market rents until after it signed the contract of sale and was already obligated to close on the Property. Thus, the trial court reasoned, plaintiff "essentially seeks to make his new tenants bear the cost of his lack of due diligence." The trial court concluded, "while the unfulfilled desire to make

more money is the common lament of millions, it does not qualify as a hardship per se for purposes of the statute."

The trial court added,

> This is not to say that the [p]laintiff may never charge market rate rent and that . . . [d]efendants may avoid a rent increase indefinitely. This [c]ourt only holds that attempting to raise rents to market rate in one extreme increase is impermissible under N.J.S.A. 2A:18-61.1(f) under the specific factual circumstances of the present matter. For future consideration, it would be instructive to look to the concept of "rate shock" in public utilities law as implemented by the New Jersey Board of Public Utilities.

The trial court stressed,

> Applying this [rate shock] concept to residential rent increases would enable a landlord to achieve market rate rent for his property by phasing in a large increase over a period of several years so that the tenant has time to adjust their household finances. Unfortunately, this procedure was not considered by . . . [p]laintiff in the present matter.

We first address plaintiff's contention the trial court misapplied the Fromet factors. Specifically, plaintiff argues the trial court erred: (1) in not considering the proposed rent increases were a product of several years of no rent increases, and (2) in not considering the number of years that the increases encompassed.

10

These assertions are belied by the record. The trial court explicitly addressed the fact that defendants pay below market rate rent and have had not had a rent increase in many years. Specifically, the trial court noted "defendants have not had their rents increased in many years and now pay below market rate rent . . . ." The court likewise acknowledged counsel's argument that none of the "defendants have had a rent increase in many years, and that they pay less than $1200 a month, which is the average rent that [d]efendants' witnesses have testified is the average rent for a two-bedroom apartment in Perth Amboy."

We discern no error in the court's application of the Fromet factors. We conclude the trial court's finding that the sixty-nine percent rent increase was unconscionable is not "so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Seidman, 205 N.J. at 169 (internal quotations and citations omitted).

That conclusion, however, does not end our inquiry. We must next address plaintiff's contention the trial court erred in determining the proposed rent increase must be struck in its entirety. Plaintiff argues the trial court should have determined the amount of rent that would not be considered unconscionable and require defendant to pay it.

The relevant portion of the trial court's opinion states:

11

Having determined that the proposed increase in rent to $1400 a month for all three defendants is unconscionable, the [c]ourt must now address the request of both parties to approve an alternative amount as an increase. Plaintiff's counsel suggests that the [c]ourt should decree at least $1200 a month as the new rent for all three [d]efendants, based on testimony of the local landlords who testified for the tenants. Counsel for . . . [d]efendants requests that the [c]ourt allow a 5% increase, which is what is permitted by the city rent control ordinance. However, the [c]ourt has no such power to assume the powers of a municipal rent control board and institute some compromise rent increase.

(Emphasis added).

We owe no special deference to the trial court's legal conclusion that it had no lawful authority to determine an appropriate rent increase. See Rowe, 239 N.J. at 552. We are aware of no published precedent that would compel a court to impose a unilateral rent increase somewhat less than the rent increase it found unconscionable. Cf. Berzito v. Gambino, 63 N.J. 460, 469 (1973) (authorizing a court to determine a "reasonable rental value of the property" when the landlord breaches the implied warranty of habitability as to justify a rent abatement). But nor are we aware of precedent for the categorical rule embraced by the trial court that it had no authority to institute what it characterized as a "compromise" rent increase.

A-0435-22

In the unusual circumstances presented in this case, we are not convinced the trial court was categorically precluded from determining a conscionable rent increase. We emphasize there is no functioning rent leveling board in Perth Amboy to decide hardship applications. The absence of such a board creates a void in the rent control framework established by the Legislature to protect the interests of both tenants and landlords. In these circumstances, we conclude the trial court has the authority to determine an appropriate rent considering all relevant factors, including "rate shock." Doing so would not intrude upon the authority reserved for a rent leveling board because no such entity is functioning in Perth Amboy. Relatedly, given the consent order, this alternative process for resolving hardship applications satisfies the requirement in N.J.S.A. 2A:18-61.1(f) that the landlord "complies with any and all other laws or municipal ordinances governing rent increases."

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0435-22